(No. 44864.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DENNIS KENT, Appellee.

*Opinion filed November 30, 1972.*

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JAMES S. VELDMAN, Assistant State's Attorneys, of counsel), for the People.

JAMES J. DOHERTY, Public Defender, of Chicago (ELLIOT M. SAMUELS, Assistant Public Defender, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

This case calls for an interpretation of the second paragraph of section 7 of article I of the 1970 constitution of Illinois, which provides:

"No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause."

The defendant, Dennis Kent, was arrested and charged with armed robbery. The judge who conducted the preliminary hearing ruled that probable cause had not been shown. Subsequently the State's Attorney presented the testimony of the same witnesses to the grand jury, which returned an indictment charging Kent with the same armed robbery that had been the subject of the preliminary hearing. The judge to whom the case was assigned for trial granted the defendant's motion to dismiss the indictment, the State appealed, and we brought the case here under Rule 302(b). 50 Ill.2d R. 302(b).

The precise ground for the ruling of the trial judge is not apparent, but it seems to have been based in part upon an interpretation of the quoted paragraph of section 7 of article I of the constitution, and in part upon an interpretation of certain decisions of this court.

The constitutional reference to a right to a preliminary hearing is new. As we read the provision before us, it appears to be designed to insure that the existence of probable cause will be determined promptly either by a grand jury or by a judge. The records of the Constitutional Convention (Record of Proceedings, Sixth Illinois Constitutional Convention (December 8, 1969—September 3, 1970) [hereinafter cited as Proceedings]) confirm this interpretation. The original Bill of Rights Committee proposal (6 Proceedings 12) was as follows:

"Section 23. Preliminary hearing.
No person shall be held to answer for a crime punishable by death or imprisonment in the penitentiary without a prompt preliminary hearing to establish probable cause."

This provision required that a preliminary hearing be held, even after an indictment had been returned. The Convention did not accept the Committee proposal. Instead the proposal was amended by adding the words "Unless the initial charge has been brought by an indictment of a grand jury" before the words "no person" in line 2. (1 Proceedings 312; 3 Proceedings 1460-62, 1467-69, 1475.) The Committee on Style, Drafting and Submission then revised the section to its present form by the following additions and deletions (7 Proceedings 2514):

"~~Unless the initial charge has been brought by indictment of a grand jury,~~ No person shall be held to answer for a crime punishable by death or <u>by</u> imprisonment in the penitentiary ~~without~~ <u>unless either the initial charge has been brought by indictment of a grand jury or the person has been given</u>[1] a prompt preliminary hearing to establish probable cause."

Footnote (1) of the report of the Committee on Style, Drafting and Submission (7 Proceedings 2600) states:

"This change makes it clear that a person must either be charged initially by a grand jury indictment or given a prompt preliminary hearing before being held to answer for a crime punishable by death or by imprisonment in the penitentiary. (Article I, Section 7.)"

In our opinion the language ·of the constitutional

provision, as well as the history of its evolution, negates any thought that its purpose was to attach finality to a finding of no probable cause, or to establish mutually exclusive procedures so that grand jury proceedings would be barred if an accused had been discharged upon preliminary hearing.

In dismissing the indictment the trial judge referred to three decisions of this court. We find that they do not bear upon the present issue. In *People ex rel. MacMillian v. Napoli (1966), 35 Ill.2d 80,* a writ of *mandamus* was granted to require a judge to abide by the pretrial ruling of another judge which had suppressed certain prosecution evidence. The court pointed out, "If the People are not content with an order granting a motion to suppress, they have the right to appeal from such an order." The second case, *People v. Quintana (1967), 36 Ill.2d 369,* emphasized the distinction between an unappealable order which released an accused for want of a sufficient showing of probable cause, and an appealable order which discharged an accused because his constitutional right to a speedy trial had been violated. And because the order before the court was of the latter type, and therefore appealable, a redetermination by one trial judge of the correctness of the ruling of another was held to be improper. The third case, *People v. Taylor (1972), 50 Ill.2d 136,* similarly held that the State is bound by an appealable order entered before trial unless it appeals.

We know of no Illinois authority, however, which holds that an order releasing an accused for want of probable cause is appealable, or that it is in any way conclusive upon the prosecution.

The judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

*Reversed and remanded.*