THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAUL GARCIA URIBE, Defendant-Appellant.

(No. 72-129; ▮▮▮▮▮▮▮▮▮▮)

Second District—September 17, 1973.

Paul Bradley, Deputy Defender, of Elgin, (Richard J. Wilson, Assistant Appellate Defender, of counsel,) for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva, (Leo Wotan, Jr., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

A jury found the defendant guilty of attempt armed robbery and he was sentenced to serve two to seven years. He claims error in that he was reindicted on the same charge after the original indictment was dismissed for failure to conduct a preliminary hearing, and the court allowed an *Allen* instruction to be given to the jury along with the initial instructions. A motion was filed and taken with the case.

On August 4, 1971, the defendant was arrested, by warrant, for attempt armed robbery; he was indicted on August 16. On August 20, he was arraigned and pled not guilty; the case was set for trial.[1] On September 20, a motion to dismiss was filed,[2] alleging that a preliminary hearing had been scheduled for September 7, that prior thereto the indictment was returned without the defendant having been afforded a preliminary hearing and, that the indictment should therefore, under section 7 of article I of the 1970 constitution, be dismissed. The court agreed and the indictment was dismissed.

New complaints were filed charging the same acts and offenses. A preliminary hearing was held on September 29 during which the court found no probable cause as to the armed robbery offense but did find such cause on the attempt armed robbery complaint. The defendant was bound over to the grand jury. On October 4 he was reindicted for attempt armed robbery, and no objection was made in the trial court to the new indictment.

■■ The promptness of a preliminary hearing is not before us and although the defendant's first contention was never raised in the trial court

---

[1] At this arraignment, the defendant was charged under two indictments, one for armed robbery, the other for attempt armed robbery (the former is not found in the record). Where possible, we will confine our remarks to the crime for which the defendant was convicted.

[2] The motion found in the record was directed toward the armed robbery indictment but bore the file number of the attempt charge, as did the order disposing of the motion. We here consider the motion as being directed to the attempt charge.

we will address the issue. Defendant's position is best related by the quotation from his brief:

"In short, the defendant contends that the right to a preliminary hearing, having been elevated by the new Illinois Constitution to constitutional status, (Section 7, Article I) is an absolute right. The failure to afford the defendant a preliminary hearing as required under the new Constitution dictates that any new proceedings initiated after the dismissal of an indictment so procured be considered a nullity, and any judgment obtained thereupon is void."

Our supreme court, under similar facts, has recently rejected this same argument. In *People v. Hendrix*, 54 Ill.2d 165, 169 (1973), it was held that the return of an indictment, without a prior preliminary hearing, does not void the indictment as "section 7 does not provide a grant of immunity from prosecution as a sanction for its violation. Nor would an interpretation make sense which required the dismissal of the present indictment and the discharge of the defendant, to be followed by his reindictment and rearrest upon a new indictment."

Defendant's remaining claim of error is that the court, of its own volition, included an *Allen* charge in its initial instructions to the jury. It is requested that we not only condemn the giving of such instruction but hold it to be reversible error, *per se*, when submitted at the outset of the jury deliberation; that if not error *per se*, then under the circumstances of this case, the giving of the charge at the start of deliberations amounted to reversible error. To support this last contention it is argued that although the issues of the case were simple (the trial lasted but one-half day) the verdict was not reached until 2:10 A.M. the following morning,[3] which to defendant's thinking was sufficient to indicate that the questioned instruction coerced the jury into a finding of guilty.

■■ While the instruction has not been condemned, as here requested, it has been modified since defendant's trial. The modification, however, was given only prospective effect. (See *People v. Prim*, 53 Ill.2d 62 (1972).) In *People v. Iverson*, 9 Ill.App.3d 706, 708 (1973), the identical charge was given as part of the original series of instructions. We there held that to find such giving reversible error would require a determination, based upon all of the facts, that the charge coerced or interfered with the jury's deliberations. The time of submitting such instruction is only one factor to be considered. We there agreed with those authorities

---

[3] The record does not disclose the time the jury retired, but the State's brief informs us that it commenced deliberating at 4:50 P.M. on the date of trial but took time out for dinner.

which have held that giving such instruction at the outset tends to minimize its coercive effect. Therefore, we hold that the giving of an *Allen* charge at the commencement of jury deliberations did not, in and of itself, constitute reversible error.

■■ While the defendant has not raised the issue of guilt beyond a reasonable doubt we nevertheless reviewed the evidence to determine if the giving of the instruction at the outset could have had a coercive effect upon the jury. Our review disclosed that the case is not a close one. On the contrary, we found the evidence substantially proved the defendant guilty beyond a reasonable doubt. Therefore, in disposing of this point, we adopt the language contained in *Iverson* at p. 710:

> "The length of the deliberation does not indicate that the jury was deadlocked or that the instruction had a coercive effect. The giving of the instruction as a part of the original series would appear in the circumstances of this case sufficiently to have minimized any coercive effect, * * *."

While the appeal was pending, the defendant moved for a reduction of sentence under provisions of the Criminal Code and the Unified Code of Corrections. (See Ill. Rev. Stat., 1972 Supp., ch. 38, secs. 8—4 (c) (3), 1005—8—1(b)(4)—(c) (4) and 1008—2—4.) Under both the former and present code, sentences of imprisonment for felonies are indeterminate. At the time the court sentenced defendant, the penalty for attempt armed robbery was a fine, imprisonment or both. In event of imprisonment, no minimum sentence was provided but the maximum sentence was not to exceed 14 years. (Ill. Rev. Stat. 1971, ch. 38, sec. 8—4(c)(2).) The code has since been changed. The penalty for the same offense now appears under the category of a Class 3 felony (Ill. Rev. Stat., 1972 Supp., ch.38, sec. 8—4(c)(3)), the maximum penalty set as "any term in excess of one year not exceeding 10 years" (Ill. Rev. Stat., 1972 Supp., ch. 38, sec. 1005—8—1(b)(4).), and the minimum, "1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant sets a higher minimum term, which shall not be greater than one-third of the maximum term set in that case by the court" (Ill. Rev. Stat., 1972 Supp., ch. 38, sec. 1005—8—1(c)(4)).

Defendant's motion alleges that his case has not reached final adjudication, that section 8—2—4 of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, sec. 1008—2—4) applies, that the new code should prevail on the issue of his excessive sentence and that, under that code, his sentence should be reduced to a period of 1 to 3 years.

■■ Section 8—2—4 applies only if the sentence under the new code is "less than under the prior law upon which the prosecution was com-

menced." Where confinement is ordered the present law demands a minimum of 1 year, whereas the prior law did not establish a minimum. The prior law allowed a maximum of 14 years, the present law a maximum of 10 years, but the maximum sentence imposed upon defendant is less than that presently allowed. We conclude that section 8—2—4 is not applicable in that the sentence imposed herein is not less than that allowed under the prior law. Neither do we find the sentence in conflict with the minimum-maximum ratio established under the code. The motion is therefore denied.

For the reasons stated, the judgment in all respects is affirmed.

Judgment affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.