(No. 46625.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOHNNY HOWELL, Appellant.

*Opinion filed Jan. 30, 1975.—Rehearing denied March 24, 1975.*

Robert E. Farrell, Deputy Defender, and Richard E. Cunningham, Assistant Appellate Defender, Office of State Appellate Defender, of Mt. Vernon, for appellant.

William J. Scott, Attorney General, of Springfield (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

Defendant was arrested on September 13, 1971, in connection with an attempted armed robbery and shooting in a tavern in East St. Louis. He was confined in jail until he was indicted 65 days later. No preliminary hearing was

held, and no issue was raised in the trial court concerning the failure to hold a prompt preliminary hearing. While finding that the 65-day delay violated the defendant's constitutional right to a prompt preliminary hearing, the appellate court held that the error did not require a reversal of the conviction. (16 Ill. App. 3d 989.) We granted leave to appeal.

Section 7 of article I of the 1970 Illinois Constitution provides:

> "No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by an indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause."

The above provision of the Constitution was submitted to the convention by the Committee on Style, Drafting and Submission. The committee had made a change in the wording of the proposed draft and explained the change as follows:

> "This change makes it clear that a person must either be charged initially by grand jury indictment or given a prompt preliminary hearing before being held to answer for a crime punishable by death or by imprisonment in the penitentiary." 7 Record of Proceedings, Sixth Illinois Constitutional Convention 2600.

Thus under this constitutional provision the defendant held on a criminal charge punishable by imprisonment in the penitentiary must be afforded a prompt probable-cause determination of the validity of the charge either at a preliminary hearing or by an indictment by a grand jury. *People v. Kent,* 54 Ill.2d 161; *People v. Hendrix,* 54 Ill.2d 165.

Without question, holding the defendant in this case under a criminal charge for 65 days without giving him a prompt preliminary hearing or presenting his case to a grand jury violated the letter and intent of section 7 of article I of the 1970 Constitution. The appellate court so

held, and in this court the State does not contest that holding. What consequences then flow from such a violation? The legislature has not fashioned a remedy of discharge for a violation of this section as it has for the violation of a defendant's right to a speedy trial. (Ill. Const. (1970), art. I, sec. 8; see Ill. Rev. Stat. 1973, ch. 38, par. 103—5.) We acknowledged this absence of a remedy in *People v. Hendrix* and stated: .

> "The second paragraph of section 7 does not provide a grant of immunity from prosecution as a sanction for its violation. Nor would an interpretation make sense which required the dismissal of the present indictment and the discharge of the defendant, to be followed by his reindictment and rearrest upon a new indictment." 54 Ill.2d 165, 169.

The nature of the remedy available to a defendant for a violation of section 7 is of little concern in the disposition of the present case. We find the defendant precluded from raising the question of the violation of this section by his failure to present the issue to the trial court. At no time before, during or after trial was complaint made to the trial court that the defendant had not been given a prompt preliminary hearing. The issue was raised for the first time in the appellate court. That court considered this violation to be plain error affecting substantial rights and thus reviewable under the provisions of our Rule 615(a) (50 Ill.2d R. 615(a)).

In *People v. Pickett,* 54 Ill.2d 280, 282, this court summarized the question of waiver and the consideration of plain error under Rule 615(a). We there held that, generally, failure to raise an issue in the trial court constitutes a waiver and that this general waiver rule also applies to constitutional issues. We there held that Rule 615(a) does not mandate that a reviewing court consider *all* errors involving substantial rights whether or not they had been raised in the trial court. Rather the rule is

intended as a means of meliorating the harshness of the strict application of the waiver rule. It permits the court on review to take notice of errors appearing upon the record which deprive the accused of substantial means of enjoying a fair and impartial trial and in criminal cases in which the evidence is closely balanced to consider errors that have not been properly preserved.

Thus, the fact that substantial rights are involved does not mandate a consideration of the violation of section 7 when the same has not been properly preserved for review. Under the facts of this case we do not feel that the denial of this right deprived the accused of a substantial means of enjoying a fair and impartial trial. Nor do we consider that the evidence is closely balanced. The defendant and another man attempted to rob a tavern in East St. Louis. Three persons in the tavern definitely identified the defendant. They had an opportunity to clearly view him in the tavern. He was identified from pictures, and he was identified in a lineup. The defendant does not contend that he was not in the tavern. He urges that he was not armed. However, an owner of the tavern exchanged shots with him. A shot fired by the defendant struck a case of beer which was next to the owner, and the owner in turn fired three shots from a shotgun. In response to discovery motions, the State furnished to the defendant police reports which showed that the day following the attempted robbery the defendant was admitted to a hospital in St. Louis for the treatment of gunshot wounds and that pieces of wadding and pellets from a shotgun shell were removed from his body. In view of the facts present in this case there is no reason to exercise our authority to consider the failure to conduct a prompt preliminary hearing as plain error under Rule 615(a).

Violation of the right to a prompt preliminary hearing has been complained of in several cases presented to this court since the effective date of our new constitution. In *People v. Hood,* 59 Ill.2d 315, this court stated:

"It is to be noted, however, that our resolution of defendants' contentions relating to a preliminary hearing is not to be construed as condoning the tactics employed by the State's Attorney in this case. Under present constitutional safeguards appropriate sanctions might be considered in order to curtail similar methods if they are used in the future."

The delay in this case of 65 days is the most severe violation of section 7 that has been called to our attention. Considering the frequency of the violations and the possibility of future abuse, the time is appropriate to fashion certain sanctions to assure and protect the right to a prompt preliminary hearing guaranteed by section 7 of article I.

We have heretofore considered delay in presenting a defendant to a judge following his arrest only as a circumstance to be considered by the court in determining the voluntariness of any statement given by the defendant during this delay. We have refused to apply the Federal exclusionary rule as stated in *McNabb v. United States* (1943), 318 U.S. 332, 87 L. Ed. 819, 63 S. Ct. 608, and in *Mallory v. United States* (1957), 354 U.S. 449, 1 L. Ed. 2d 1479, 77 S. Ct. 1356. (See *People v. Brooks,* 51 Ill.2d 156.) However, we have heretofore been considering only the statutory violation of section 109—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 109—1). Our previous position is not adequate in view of the assurance of a prompt probable-cause determination of our new constitution, which speaks not to the admissibility of a statement taken from a defendant while detained but to the constitutionally given right not to be unduly detained in any event.

We consider the delays in giving an accused a prompt preliminary hearing to be a serious deprivation of his constitutional rights and we are deeply concerned about the number of cases in which an accused has not had a

prompt probable-cause determination. We consider this a subject for appropriate legislative action and we strongly urge the General Assembly to consider the prompt implementation of this constitutional provision. The chief justice of this court will include this subject along with the recommendation of this court in his annual report to the General Assembly.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*