THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
M. RUSSELL KIRKLEY *et al.*, Defendants-Appellants.

Third District   No. 76-11

Opinion filed May 2, 1978.

STENGEL, P. J., specially concurring.
BARRY, J., specially concurring.

Michael M. Resney, of Law Offices of Darryl R. Lem, of Calumet City, and Robert Agostinelli and Michael J. Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellants.

Edward Petka, State's Attorney, of Joliet (Barbara J. Badger, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Will County which after trial by jury entered judgments of guilty against the defendants, Russell Kirkley and Robin Kirkley, for the offenses of unlawful possession of a controlled substance and unlawful possession of cannabis. The trial court imposed sentences of imprisonment of not less than 4 years nor more than 6 years on each defendant for the offense of unlawful possession of a controlled substance and sentences of imprisonment on each defendant of not less than 2 years nor more than 6 years for the offense of unlawful possession of cannabis. The sentences imposed on each defendant were to run concurrently.

■■ The defendants at the time of their arrest on January 23, 1975, were husband and wife. Subsequent to their arrest the defendants were divorced and in this appeal one brief was filed on behalf of both defendants and one only on the behalf of the defendant Russell Kirkley. The issues assigned as error in these briefs are not identical but this court has been requested to consider all issues raised in the respective briefs as being applicable to both defendants. We are of the opinion that this request should be granted since the record discloses that the procedural and factual aspects of the arrest, trial and sentencing of the defendants are identical in every respect. The State further acknowledged during oral argument that the record supports such a finding.

The first issue which we are called upon to consider and determine is whether the defendants' constitutional right to a prompt preliminary hearing was denied and if so whether a remedy for such a denial exists.

As we have previously stated, the defendants were arrested on January 23, 1975. On January 27, 1975, the defendants made a motion for a preliminary hearing and the trial court set a hearing for the same on

February 20, 1975. On this latter date the People moved for a continuance of the preliminary hearing. The defendants objected and demanded a trial. The trial court rescheduled the preliminary hearing for March 10, 1975. On the scheduled date, to-wit, March 10, 1975, the defendants were present in court ready to proceed with the scheduled preliminary hearing; however, on said date the defendants filed a motion to quash a search warrant and to suppress evidence obtained therefrom. By order of the trial court the preliminary hearing proceedings were continued until resolution of the defendants' motion regarding the search warrant and the suppression of evidence. At this time the case was also transferred to the general division of the circuit court for assignment. The following day the case was assigned to a trial judge for purpose of hearing defendants' motion to quash and suppress and was further transferred to what was known as Division "B" for a preliminary hearing. On April 21, 1975, there was to be a hearing on the motion to quash and suppress evidence. The defendants were present in court and announced that they were ready for the hearing, however, the trial court continued the cause to June 6, 1975. On June 5, 1975, over objection of counsel for the defendants the trial court again continued proceedings in the case to August 22, 1975. On July 18, 1975, the defendants were indicted by a grand jury, thereby vitiating the necessity of a preliminary hearing.

Section 7, article I, of the 1970 Illinois Constitution provides:

> "No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless the initial charge has been brought by an indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause."

The above provision of the constitution was submitted to the convention by the Committee on Style, Drafting and Submission. The Committee had made a change in the wording of the proposed draft and explained the changes as follows:

> "This change makes it clear that a person must either be charged initially by grand jury indictment or given a prompt preliminary hearing before being held to answer for a crime punishable by death or by imprisonment in the penitentiary." 7 Record of Proceedings, Sixth Illinois Constitutional Convention 2600.

Pursuant to our constitutional mandate our legislature has provided for proceedings which are to occur after an accused person is arrested. Our statutes provide that such proceedings shall be commenced without unnecessary delay. (See Ill. Rev. Stat. 1973, ch. 38, pars. 109—1, 109—2, and 109—3.) It should further be noted that under the constitutional provision providing for a preliminary hearing a defendant held on a criminal charge punishable by imprisonment in the penitentiary must be

afforded a prompt probable cause determination of the validity of the charge either at a preliminary hearing or by an indictment by a grand jury. *People v. Kent* (1972), 54 Ill. 2d 161, 295 N.E.2d 710; *People v. Hendrix* (1973), 54 Ill. 2d 165, 295 N.E.2d 724.

In the instant case each of the defendants was charged by a two count criminal complaint of committing offenses which are punishable by imprisonment in the penitentiary. Four days after they were arrested they appeared in court and specifically moved for a preliminary hearing. No preliminary hearing was ever held, but instead 176 days after their arrest they were indicted by a grand jury.

In the case of *People v. Howell* (1975), 60 Ill. 2d 117, 324 N.E.2d 403, our supreme court was confronted with a situation where a defendant who was arrested in connection with an attempted armed robbery and shooting in a tavern was held in jail without preliminary hearing until he was indicted 65 days later. The court made the following observation:

> "Without question, holding the defendant in this case under a criminal charge for 65 days without giving him a prompt preliminary hearing or presenting his case to a grand jury violated the letter and intent of section 7 of article I of the 1970 Constitution." *People v. Howell* (1975), 60 Ill. 2d 117, 119, 324 N.E.2d 403, 404.

In the case of *Howell* the supreme court noted that the delay of 65 days was the most severe violation of section 7 (section 7 of article I of the 1970 Illinois Constitution) that had been called to the court's attention, but held that the defendant was precluded from raising the question of the violation of this section because of his failure to present the issue to the trial court.

In the instant case the defendants demanded a preliminary hearing, objected when a scheduled hearing was continued and in their post-trial motion assigned as error their denial of a prompt probable cause hearing. The delay in the instant case, being 176 days, far overshadows the 65-day delay which our supreme court referred to as a most severe violation of section 7.

Reviewing courts of our State have consistently held that an accused has a constitutional right to a prompt probable cause hearing either by a grand jury or by a judge. *People v. Moore* (1975), 28 Ill. App. 3d 1085, 329 N.E.2d 893; *People v. Kent* (1972), 54 Ill. 2d 161, 295 N.E.2d 710; *People v. Williams* (1974), 20 Ill. App. 3d 840, 314 N.E.2d 276; *People v. Hunt* (1975), 26 Ill. App. 3d 776, 326 N.E.2d 164; *People v. Howell* (1975), 60 Ill. 2d 117, 324 N.E.2d 403.

While it is recognized and acknowledged that an accused has a constitutional right to a prompt probable cause hearing, our legislature has not implemented the constitutional provisions granting this right by

providing for sanctions when the same is denied. This lack of legislative sanctions is the thrust of the People's argument as to why the defendants' argument that they were deprived of a constitutional safeguard should be rejected.

Referring again to the case of *Howell* our supreme court stated:

> "We consider the delays in giving an accused a prompt preliminary hearing to be a serious deprivation of his constitutional rights and we are deeply concerned about the number of cases in which an accused has not had a prompt probable-cause determination. We consider this a subject for appropriate legislative action and we strongly urge the General Assembly to consider the prompt implementation of this constitutional provision. * * *" *People v. Howell* (1975), 60 Ill. 2d 117, 122-23, 324 N.E. 403, 405.

We agree that sanctions to be imposed for a section 7 violation (section 7, article I of the 1970 Illinois Constitution) is properly a legislative matter. We further make the observation that this court has always been reluctant to usurp a legislative prerogative by judicial determination; however, in the case now before us we have the most flagrant section 7 violation of any of those called to the attention of the reviewing courts of our State. There being no legislative guidelines or sanctions enacted in regard to such violations, we feel compelled to provide a remedy for the defendants who have suffered an unjustifiable denial of a basic constitutional right. It would be senseless to reverse the defendants' conviction, and remand this case so that they could be subjected to a reindictment. (*People v. Hendrix* (1973), 54 Ill. 2d 165, 295 N.E.2d 724.) To grant the defendants a probable cause hearing after their constitutional rights have already been violated would be ludicrous. The only sanction or remedy available in the instant case is a reversal of the judgments of convictions entered against the defendants by the trial court. We do not mean to indicate in any way that the conclusion reached in this case is to be interpreted that we are fixing a determinate number of days which must transpire before a section 7 violation is to be deemed to have occurred. Each case must be considered in light of its facts and circumstances. We are hopeful that our General Assembly will soon implement the constitutional provision, to-wit, section 7, article I, of the 1970 Illinois Constitution.

The People in their brief without making a contention regarding the same, nevertheless allude to the fact that the defendants on March 10, 1975, when the case was called for hearing on probable cause, presented a motion to quash a search warrant and to suppress evidence derived therefrom. The cause was then continued until the defendants' motion was resolved. We fail to see why the filing of such motions by the

defendants in any way absolved the People from providing them with a prompt probable cause hearing. Our Criminal Code specifically provides that the disposition of such motions can be made during a preliminary hearing. See Ill. Rev. Stat. 1973, ch. 38, par. 109—3(e).

For the reasons set forth the judgments of guilty entered by the circuit court of Will County against the defendants are reversed.

Judgments reversed.

Mr. PRESIDING JUSTICE STENGEL, specially concurring:

I concur in the result reached in this case, but something more needs to be said. This appeal presents squarely the question whether this court has authority to impose sanctions for a violation of a person's constitutional right to a preliminary hearing. This case is undoubtedly the first Illinois decision where a court has applied the sanction of invalidating a conviction for failure to provide a prompt preliminary hearing.

While the general rule and custom in reversing judgments of conviction after a trial by jury is to remand the cause to the court below for further proceedings, we do possess power on reversal to discharge the prisoner absolutely if justice requires it. *People v. Meyers*, 397 Ill. 286, 73 N.E.2d 288; *People v. Rubin*, 366 Ill. 195, 7 N.E.2d 890.

Numerous decisions by the appellate courts of Illinois have refused to grant a reversal of the judgment of conviction in like cases. In *People v. Hunt* (1st Dist. 1975), 26 Ill. App. 3d 776, 326 N.E.2d 164, the court held that a violation of the right to a preliminary hearing does not invalidate a defendant's conviction or entitle him to a dismissal of the charges against him. It has also been held that if an indictment is dismissed because of a violation of the right to a preliminary hearing, prosecution on a new indictment is not barred. *People v. Uribe* (2d Dist. 1973), 13 Ill. App. 3d 1027, 301 N.E.2d 492, *appeal allowed* (1974), 55 Ill. 2d 603, motion for summary affirmance allowed September 12, 1974.

The 176-day delay presented here is the longest recorded in Illinois history, and obviously violates the 1970 Illinois Constitution, article I, section 7. The supreme court first discussed the question of sanctions in *People v. Hendrix* (1973), 54 Ill. 2d 165, 295 N.E.2d 724. While holding that there was no violation of the right to a preliminary hearing, the court stated:

> "The second paragraph of section 7 does not provide a grant of immunity from prosecution as a sanction for its violation."

The last word in the fashioning of sanctions was considered in *People v. Howell* (1975), 60 Ill. 2d 117, 324 N.E.2d 403, and the supreme court has called upon the legislature to provide for such sanctions.

While the sanction adopted here may go beyond *People v. Howell*, the

delay in giving an accused a prompt preliminary hearing is a serious deprivation of his constitutional right. If the legislature persists in its inaction, I believe that the matter of a proper sanction in the instant case is of sufficient significance that the supreme court of this State should resolve this problem at the earliest convenient opportunity.

Mr. JUSTICE BARRY, specially concurring:

I concur in the result reached in this case and also agree with Justice Stengel's comments in his special concurring opinion that there is a need for something more to be said regarding this case. In addition, the fact that something should have been done by the Illinois General Assembly to afford an appropriate sanction to implement the intent of article I, section 7 of the 1970 Illinois Constitution is obvious.

While I am not convinced that the Illinois constitutional provision for a prompt preliminary hearing impliedly provides an absolute grant of immunity from prosecution as a sanction for its violation, I am convinced that the constitutional provision and the constitutional rights of all those accused of a crime demand our close scrutiny in order to insure that our most fundamental rights as free citizens are not impugned.

In this case, the delays in holding a preliminary hearing were the result of several factors including, most importantly, delays requested by the prosecution and delays actually occasioned by the malfunctions of the court system. We cannot condone such extreme delays by affirming defendants' convictions because it would only add to the wrong already perpetrated. Every accused, whether incarcerated or not, has a right to a prompt preliminary hearing to determine initially whether there is sufficient evidence to continue with the criminal prosecution against him. If the evidence is insufficient a prompt preliminary hearing resulting in an accused's discharge will avoid adding further to the State's expense of continuing with the prosecution, and to an accused's mental anguish and social stigma which naturally result from being accused of criminal conduct. Most importantly, an accused's actual freedom is less likely to be taken away even temporarily, if he is innocent, when a prompt preliminary hearing is conducted.

The opinion of the majority in going beyond *People v. Howell* (1975), 60 Ill. 2d 117, 324 N.E.2d 403, of necessity in the instant case creates a sanction sufficient to call the attention of the legislature to the serious problem presented. I therefore concur in the result we reach today in this case wherein the issue is squarely and properly raised for us, unlike the case of *Howell.*

I disagree with Justice Stengel's position in his special concurring opinion wherein he recites that the subject matter of this case is again appropriate for consideration by the supreme court. It should be recalled

that the supreme court considered this problem and urged a legislative response not only in the *Howell* case but very explicitly in the 1975, 1976 and 1977 Annual Reports of the Supreme Court to the General Assembly pursuant to article 6, section 17, of the 1970 Illinois Constitution. Apparently in response, the 79th General Assembly in 1976 passed House Bill 3420, which, unfortunately, was vetoed by the governor because of inherent legal and practical deficiencies in the drafted legislation. To illustrate the frequency of the reoccurrence of this issue in the appellate courts of this State the 1976 Annual Report of the Supreme Court to the General Assembly cited the recent case of *People v. Kilgore* (5th Dist. 1976), 39 Ill. App. 3d 1000, 350 N.E.2d 810, in an attempt to urge the General Assembly to enact legislation to solve this problem.

It was also noted in the 1977 Annual Report of the Supreme Court to the General Assembly that in Cook County several efforts have been made to handle this problem through the enactment of Circuit Court Rules which propose the following procedures:

(1) Preliminary hearings in felony cases must be held within 30 days of the date of the arrest of an accused. A preliminary hearing may be continued beyond the 30 day period only upon a showing of exceptional circumstances which warrant delay. (Cook County Circuit Court Rule 14.1, effective March 1, 1977.)

(2) In Chicago, a defendant not released on bond shall be given a preliminary hearing immediately following the approval of the charges against him by the proper authority. A defendant who posts bond on a felony charge shall be given a preliminary hearing not later than 5 days from the date the charges against him are approved by the proper authority. (General Order No. 77-1(M) of the 1st District of the Municipal Department of the Circuit Court of Cook County, effective March 1, 1977.)

I therefore believe that the judicial sanction we impose today implementing section 7 of article I of the 1970 Illinois Constitution is not only inherently within our power, but mandated by the facts of this case and the failure of the legislature to act in response to an urgent and clearly presented need.

Furthermore, were I writing the majority opinion in this case, I would have suggested another reason to reverse. I believe that, once a defendant is initially charged by information, probable cause cannot later be found by indictment, but must be established through a prompt preliminary hearing. (*People v. Hendrix* (1973), 54 Ill. 2d 165, 295 N.E.2d 724 (Justice Ward, dissenting).) Although *Hendrix* has been cited for the proposition that an indictment, after charges are brought by some other means is sufficient to establish probable cause and vitiates a prompt preliminary hearing (see *People v. Moore* (5th Dist. 1975), 28 Ill. App. 3d 1085, 329

N.E.2d 893, and cases cited therein), the majority in *Hendrix* did not so conclude.

The only way *Hendrix* can be interpreted as stating that an indictment following a charge by information vitiates the need for a prompt preliminary hearing is if Justice Goldenhersh's special concurring is read with, and as a part of, the majority. The *Hendrix* majority said only that, at the time of that defendant's trial, he must have been indicted because, even though section 7 of article I of the Illinois Constitution allowed the General Assembly to abolish or limit the use of grand juries, the General Assembly had not done so. However, effective October 1, 1975, the General Assembly did limit the use of grand juries to establish probable cause. Ill. Rev. Stat. 1977, ch. 38, par. 111—2.

Because the legislature has now limited the use of the grand jury and because of the use of the phrase "initial charge" in section 7, article I of the Illinois Constitution, I believe that, unless the defendant is initially charged by indictment, a prompt hearing to establish probable cause must be had. Therefore, once a defendant is charged by information, a later indictment does not vitiate the need for a prompt preliminary hearing. Accordingly, I would have reversed the judgment of the trial court not only for the long and inexcusable delay but also because no preliminary hearing was had at all.