THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LANCE EISELE, Defendant-Appellee.

Second District   No. 78-577

Opinion filed November 1, 1979.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Marco and Mannina, of Downers Grove, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

An indictment charging defendant, Lance Eisele, with burglary and criminal damage to property was dismissed by the trial court on the ground the delay between his arrest and indictment violated his right to a prompt determination of probable cause. (Ill. Const. 1970, art. I, §7.) The State brings this appeal and we reverse.

Defendant was charged by complaint with burglary and arrested on April 29, 1978. He was released on bail that same day and a preliminary hearing was later scheduled for June 5. On June 5 and again on July 7 the preliminary hearing was continued upon motion of the State due to the absence of a material witness. On July 24, 86 days after his arrest, the State moved to enter a nolle pros when a witness, who was then available, could not identify defendant. The trial judge granted the State's motion, dismissed the complaint and released defendant's bail. Although the State indicated it intended to seek an indictment, defendant made no objection to entry of the nolle pros nor did he assert a section 7 violation.

■■ On September 14, 1978, 52 days after the complaint was dismissed and 138 days after the initial arrest, a two-count indictment was returned by the grand jury against defendant based upon the same acts alleged in the earlier complaint. Count I charged defendant with burglary and count II with criminal damage to property. Defendant filed a motion to dismiss the indictment on October 16, alleging that the State had nol-prossed the complaint "as a delaying tactic" and in violation of his right to a preliminary hearing under article I, section 7 of the 1970 Constitution. The trial court correctly noted that the probable-cause determination can be made by a grand jury as well as by a judge in a preliminary hearing (*People v. Arbogast* (1976), 41 Ill. App. 3d 187, 191, 353 N.E.2d 434, 438), but, nevertheless, dismissed the indictment on the ground the delay between arrest and indictment violated the promptness requirement of section 7. This appeal by the State followed.

■■ The first issue we consider is whether the lapse of time between his initial arrest and his subsequent indictment violated defendant's constitutional right to a prompt determination of probable cause. Article I, section 7 of the 1970 Illinois Constitution provides, in part, as follows:

> "No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause."

The obvious purpose of this provision is to insure that a defendant will not be held in custody or to bail, that his freedom will not be restricted, without a prompt showing of evidence that a crime has been committed. *People v. Moore* (1975), 28 Ill. App. 3d 1085, 1089, 329 N.E.2d 893, 896; Ill. Ann. Stat., Ill. Const. 1970, art. I, §7, Constitutional Commentary, at 372 (Smith-Hurd 1971).

What constitutes a violation of section 7 and what remedy, if any, is available has been the subject of much litigation in recent years. *People v. Howell* (1975), 60 Ill. 2d 117, 324 N.E.2d 403; *People v. Hendrix* (1973), 54 Ill. 2d 165, 295 N.E.2d 724; *People v. Kirkley* (1978), 60 Ill. App. 3d 746, 377 N.E.2d 540; *People v. Kilgore* (1976), 39 Ill. App. 3d 1000, 350 N.E.2d 810; *People v. Sanders* (1976), 36 Ill. App. 3d 518, 344 N.E.2d 479; *People v. Todd* (1976), 34 Ill. App. 3d 844, 340 N.E.2d 669; *People v. Price* (1975), 32 Ill. App. 3d 610, 336 N.E.2d 56; *People v. Moore* (1975), 28 Ill. App. 3d 1085, 329 N.E.2d 893; *People v. Hunt* (1975), 26 Ill. App. 3d 776, 326 N.E.2d 164.

In most reported cases the defendant was initially charged by complaint or information, held in custody or to bail without a preliminary hearing, and later indicted by a grand jury for the same offense. The focus in such cases, where no preliminary hearing has been held, is on the delay between arrest and indictment. Defendant correctly points out that in such cases delays of a comparable or shorter duration than exists here have been held to constitute a violation of section 7. *E.g., People v. Howell* (65 days); *People v. Kilgore* (84 days); *People v. Sanders* (90 days); *People v. Todd* (84 days); *People v. Hunt* (60 days); *People v. Price* (168 days); and *People v. Kirkley* (176 days).

■■ Unlike those cases, however, the original prosecution of defendant in this case was terminated by granting of the State's motion to nol-pros. (See *People v. Watson* (1946), 394 Ill. 177, 179, 68 N.E.2d 265, 267, *cert. denied* (1946), 329 U.S. 769, 91 L. Ed. 662, 67 S. Ct. 130.) The subsequent indictment was not a belated attempt to establish probable cause for charges then pending, but rather represented commencement of a new and distinct criminal proceeding. The fact that the State moved to nol-pros the complaint pending against defendant in this case does not suggest it did so to avoid the probable-cause hearing provided by section 7; it is apparent that the State sought to dismiss the charge solely because it felt it had insufficient evidence at that time to continue to hold defendant under the complaint. This appears to us to be a proper and

indeed a necessary posture for the State to take in that circumstance. Having brought about the dismissal of the pending charge against defendant because of insufficient evidence, however, does not raise a bar to the State's subsequently presenting available evidence to a grand jury to seek an indictment for the same offense previously dismissed. *People v. Howell* (1977), 46 Ill. App. 3d 300, 360 N.E.2d 1212; *People v. Garcia* (1972), 7 Ill. App. 3d 742, 288 N.E.2d 637.

■■ ■ While the 86-day delay in affording defendant a preliminary hearing after his arrest and until the charge was nol-prossed may well have presented a section 7 violation had an appropriate objection been made while the complaint was pending, defendant failed to assert his right to a prompt probable-cause determination, and we conclude that his failure to raise the issue during that period of time precludes his doing so now. While a defendant would understandably be reluctant to resist or object to the State's wish to dismiss a charge against him, it is well established that neither double jeopardy or equitable estoppel doctrines will act to bar future prosecution of an offense nol-prossed before jeopardy attached. (*People v. Howell* (1977), 46 Ill. App. 3d 300, 301, 360 N.E.2d 1212, 1213; *People v. Garcia* (1972), 7 Ill. App. 3d 742, 747, 288 N.E.2d 637, 641.) Raising the issue of a defendant's right to a prompt probable-cause determination at this stage will become more significant when it has been determined what sanctions may be imposed by the court for section 7 violations. We will address that question later in this opinion.

■■ We note, too, that defendant claims a total of 138 days of delay commencing with his arrest and concluding with the return of the indictment by the grand jury. It is apparent, however, that the time between dismissal of the complaint and return of the indictment could not under these circumstances be considered to establish a section 7 violation because defendant was not being held either in custody or on bail to answer for the crime charged and was thus being afforded the protection offered by section 7 during that time.

We conclude, therefore, that under the circumstances presented in this case the State did not violate defendant's constitutional right to a prompt hearing to establish probable cause and the trial court erred in so holding.

■■ There is a second basis upon which the judgment of the trial court must be reversed in that it erroneously dismissed the indictment and discharged defendant as a remedy or a sanction for the section 7 violation it perceived to have occurred. In doing so, the trial court relied upon *People v. Kirkley* (1978), 60 Ill. App. 3d 746, 377 N.E.2d 540, where such a remedy was approved by the appellate court. In that case the reviewing court understandably determined that the 176-day delay between

defendant's arrest and indictment, without a preliminary hearing, violated his right to a prompt determination of probable cause and it fashioned a remedy it found appropriate to that extraordinary case. However, all of the other courts of review in Illinois (to which we have earlier referred) in considering the question of what remedy, if any, is available when section 7 is violated have taken a different view in reliance upon *People v. Howell* (1975), 60 Ill. 2d 117, 324 N.E.2d 403, and *People v. Hendrix* (1973), 54 Ill. 2d 165, 295 N.E.2d 724. In these cases our supreme court pointed out that, while section 7 requires that a defendant must be granted a prompt probable-cause hearing, "[t]he legislature has not fashioned a remedy of discharge for a violation of this section as it has for the violation of the defendant's right to a speedy trial. (Ill. Const. (1970), art. I, §8; see Ill. Rev. Stat. 1973, ch. 38, par. 103—5.)" *(People v. Howell* (1975), 60 Ill. 2d 117, 120, 324 N.E.2d 403, 404.) The court in *Howell* urged the legislature to fashion appropriate sanctions to protect the rights guaranteed by section 7. (60 Ill. 2d 117, 123, 324 N.E.2d 403, 406.) The legislature has not yet done so, nor has our supreme court suggested that it no longer holds the views it expressed in *Howell* that such sanctions are more appropriately a subject for legislative consideration. Until either the legislature or our supreme court has acted further we will abide by the view expressed in *Howell* that dismissal of a cause is not an appropriate remedy for a violation of section 7 of the constitution.

For the foregoing reasons the judgment of the Circuit Court of Du Page County dismissing the indictment is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

SEIDENFELD and WOODWARD, JJ., concur.