THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN RUSH, Defendant-Appellant.—THE PEOPLE *ex rel.* JOHN RUSH,
Petitioner-Appellant, *v.* WILLIAM SCROGGINS, Sheriff, Respondent-Appellee.

Third District    Nos. 79-474, 79-119 cons.

Opinion filed December 23, 1980.

STOUDER, J., specially concurring.
BARRY, J., specially concurring.

Robert Agostinelli and Charles Hoffman, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Rita Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

The defendant John Rush prosecutes this consolidated appeal from the denial of *habeas corpus* relief in *People ex rel. John Rush v. William Scroggins* and from his conviction and sentence of 30 years for armed

robbery, following a jury trial in *People v. Rush* (noted in caption above). Two issues are raised in the appeal: (1) Whether the defendant was deprived of his constitutional rights when the initial charge against him was brought by complaint but where he was indicted prior to receiving a preliminary hearing; and (2) whether the court erred in imposing the maximum sentence for armed robbery.

The pertinent facts from the record indicate that the defendant committed an armed robbery of a Kankakee filling station on December 29, 1978. The following day the defendant signed a written confession indicating his participation in the armed robbery. A criminal complaint was filed on January 2, 1979, charging the defendant with armed robbery. The case was called for preliminary hearing that day, but was continued to allow the defendant to retain private counsel. On January 9, 1979, the defendant requested additional time to retain counsel and the preliminary hearing was continued again. On January 19, the day set for hearing, the defendant informed the court that he had been unable to retain counsel and he requested appointed counsel. The public defender was appointed as defense counsel and the matter was set for February 1, 1979. On February 1, 1979, counsel for the State and for the defense appeared for the scheduled hearing, but the State requested a continuance for the reason that one of their witnesses, the attendant at the filling station during the robbery, was not present. Defense counsel objected to any continuance, noting that the defendant had been imprisoned since December 29, 1979. He argued that the defendant was being denied his constitutional right to a prompt preliminary hearing. The objection of the defense was overruled and the matter was set for hearing on February 13. On that date, the matter was again continued, this time on the court's own motion. The parties stipulated that on February 13, the State was prepared to proceed with the preliminary hearing.

On February 14, 1979, the defendant filed his petition for *habeas corpus* relief, alleging a violation of his constitutional right to a prompt preliminary hearing. Evidence was heard by the court and the court found that February 1, 1979, was the first date that the defendant was reasonably entitled to a preliminary hearing. Therefore, the delay in holding a hearing was only 15 days, and there was no prejudice in such delay. In reaching that conclusion, the court determined that the previous continuances prior to February 1 had all been at the request of and for the benefit of the defendant. The court denied the *habeas corpus* relief, but it did order a preliminary hearing to be held on February 20, 1979, unless the defendant was indicted by that time. On February 20, 1979, the Kankakee County grand jury indicted the defendant for armed robbery. Arraignment and pleading followed. Prior to trial, the defendant filed a motion to dismiss the indictment on the grounds that he was denied his

constitutional right to a prompt preliminary hearing. The motion was denied.

Trial was held and the jury returned a guilty verdict. At the sentencing hearing, the State brought forth that the defendant had prior armed robbery convictions in 1964 and 1970, that he had a prior robbery conviction in 1967, that he had jumped bail in 1968, that he had an aggravated battery conviction in 1970, and that he had a conviction for possession of a controlled substance in 1975. Based upon the defendant's prior history and the fact that serious harm was threatened during the robbery, the court sentenced the defendant to a maximum term of 30 years for the Class X felony of armed robbery. (Ill. Rev. Stat. 1979, ch. 38, pars. 18—2(b), 1005—8—1(a)(3).) The court also noted that it could have imposed an extended term of up to 60 years under the extended term provisions of the sentencing statute. (Ill. Rev. Stat. 1979, ch. 38, pars. 1005—8—2, 1005—5—3.2.) From the conviction and sentence defendant appeals.

The first issue raised by the defense is whether the defendant John Rush was denied a constitutional right to a preliminary hearing in this case. As noted previously, the defendant was initially charged by complaint, but prior to the time a preliminary hearing was held, the grand jury returned an indictment for the same offense, and no preliminary hearing was thereafter held. The defense, relying principally upon Justice Barry's special concurrence in *People v. Kirkley* (1978), 60 Ill. App. 3d 746, 377 N.E.2d 450, argues that once a charge is brought by other than indictment, then the Illinois Constitution requires that a preliminary hearing be held to determine probable cause, regardless of the fact that the grand jury returns an indictment for the same offense and conduct. 60 Ill. App. 2d 746, 753-54. See also *People v. Hendrix* (1973), 54 Ill. 2d 165, 170-73, 295 N.E.2d 724 (Mr. Justice Ward, dissenting.)

The *Hendrix* case, and several other cases, however, argue persuasively for the State's position herein: that there is no constitutional right to a preliminary hearing in the circumstances presented, and that the constitutional requirement is to a prompt determination of probable cause, either by preliminary hearing or by indictment. (*People v. Hendrix* (1973), 54 Ill. 2d 165, 295 N.E.2d 724; *People v. Kent* (1972), 54 Ill. 2d 161, 295 N.E.2d 710; *People v. Howell* (1975), 60 Ill. 2d 117, 324 N.E.2d 403; *People v. Grew* (1979), 69 Ill. App. 3d 663, 387 N.E.2d 926; *People v. Franklin* (1979), 80 Ill. App. 3d 128, 398 N.E.2d 1071; *People v. Arbogast* (1976), 41 Ill. App. 3d 187, 353 N.E.2d 434.) At issue is article 1, section 7 of the Illinois Constitution, which provides, in part:

> "No person shall be held to answer for a crime punishable by death or imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has

been given a prompt preliminary hearing to establish probable cause."

In *People v. Kent*, the Illinois Supreme Court construed this language and stated:

"The constitutional reference to a right to a preliminary hearing is new. As we read the provision before us, it appears to be designed to insure that the existence of probable cause will be determined promptly either by a grand jury or by a judge." (54 Ill. 2d 161, 163.)

Subsequently, the Illinois Supreme Court decided *People v. Hendrix*. In *Hendrix* the defendant had been initially charged by complaint with theft. Within two weeks from the issuance of the complaint the defendant was brought before the circuit court, and the court ordered a preliminary hearing to be held. However, the following day the defendant was indicted by the grand jury for the theft offense. No preliminary hearing was ever held. The defendant filed a motion to dismiss the indictment arguing that such dismissal was required, since no preliminary hearing had been held following his charge by complaint. The trial court granted the defendant's motion to dismiss. The Illinois Supreme Court reversed the trial court and held there had been no constitutional violation as a result of the lack of preliminary hearing. (54 Ill. 2d 165, 169.) Justice Ward dissented and argued that the majority opinion rendered meaningless the provision for a "prompt preliminary hearing to establish probable cause." (54 Ill. 2d 165, 170.) Ward indicated that he would hold that there was a constitutional right to a preliminary hearing where a person is initially charged by other than indictment.

Again, in *People v. Howell* (1975), 60 Ill. 2d 117, 324 N.E.2d 403, the Illinois Supreme Court discussed article 1, section 7 of the Illinois Constitution:

"Thus under this constitutional provision the defendant held on a criminal charge punishable by imprisonment in the penitentiary must be afforded a prompt probable-cause determination of the validity of the charge either at a preliminary hearing or by an indictment by a grand jury. *People v. Kent*, 54 Ill. 2d 161; *People v. Hendrix*, 54 Ill. 2d 165." (60 Ill. 2d 117, 119.)

Thus, the Supreme Court of Illinois has clearly established that there is no constitutional requirement of a preliminary hearing, but that the requirement is for a prompt probable cause determination, either at a preliminary hearing or by an indictment by the grand jury. This was recognized by the Second District in *People v. Arbogast* (1976), 41 Ill. App. 3d 187, 191, 353 N.E.2d 434, relying upon *Kent, Hendrix* and *Howell*. Similar conclusions were stated by the First District, relying again on *Kent, Hendrix* and *Howell*, in *People v. Grew* (1979), 69 Ill. App. 3d 663, 667,

387 N.E.2d 926, and in *People v. Franklin* (1979), 80 Ill. App. 3d 128, 130-31, 398 N.E.2d 1071. In *Franklin,* the court noted that the critical consideration is that probable cause be determined promptly, and it went on to state:

"Once a defendant is properly indicted, the necessity for a preliminary hearing to establish probable cause is vitiated. [Citation.] If a defendant is initially charged by criminal complaint, but is indicted for the same crime prior to a prompt preliminary hearing on the complaint, he is not constitutionally entitled to a preliminary hearing." (80 Ill. App. 3d 128, 131.)

While respecting the views of Justice Ward, as expressed in *People v. Hendrix* (1973), 54 Ill. 2d 165, 170-73, and Justice Barry, as expressed in *People v. Kirkley* (1978), 60 Ill. App. 3d 746, 753-54, there can be little doubt that the above-stated conclusions have been firmly established on the authority of the Illinois Supreme Court and should be followed. Neither can we find anything in section 111—2 of the Criminal Code (Ill. Rev. Stat. 1979, ch. 38, par. 111—2) which indicates a legislative intention to preclude the State from proceeding initially by way of information, and then later by way of indictment without holding a preliminary hearing. If that is done, and the probable cause determination is made promptly by the grand jury, then no error has occurred. It is only where a prosecution is pursued *solely* by way of information that a preliminary hearing would be required, either under the Illinois Constitution or under section 111—2. As already noted, what is essential and critical is the prompt determination of probable cause.

■■ Based upon our previous discussion, we conclude that there was no constitutional error in failing to give the defendant a prompt preliminary hearing where he was indicted by the grand jury prior to the time for that hearing. We would also note, as did the circuit court, that the initial delays which prevented this defendant from receiving a preliminary hearing earlier were at the request of, and for the benefit of the defendant. There was no constitutional violation in the procedures utilized by the State to bring defendant John Rush to trial.

The next issue raised by the defense is whether the court erred in sentencing the defendant to a maximum term of 30 years for the armed robbery conviction, a Class X felony. (Ill. Rev. Stat. 1979, ch. 38, par. 18—2(b).) The court, in sentencing the defendant to the maximum term, noted as aggravating factors his prior criminal history, including two prior armed robbery convictions, and the fact that the threat of serious harm was made in the armed robbery in the instant case. The court was unable to find any mitigating factors. The court also noted that it could impose an extended term of up to 60 years under the extended term provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, pars. 1005—8—2,

1005—5—3.2). The defense argument is that the court was in error in believing that the defendant could have been sentenced under the extended term provisions of the Code, and that the court erred in imposing the sentence it did, under the mistaken belief that it could have sentenced the defendant to 60 years.

■■ We do not reach the issue raised, for we find that there was no error in the court's imposition of the maximum sentence for the armed robbery. Given the defendant's prior history of criminal activity and the threat of harm used in his most recent armed robbery, the court was fully within its discretion in sentencing the defendant to the maximum term for the Class X felony. We find no basis to reverse the court's sentence. The trial court observed that it could sentence the defendant under the extended-term provisions, but there is nothing to indicate that the availability of such a sentence played any part in the sentence which was imposed. The factors in aggravation fully supported the sentence imposed. There was no error.

The decision of the Circuit Court of Kankakee County is affirmed.

Affirmed.

Mr. JUSTICE STOUDER, specially concurring:

I concur in the opinion of Justice Alloy, the opinion of the court in this case, even though there are some aspects of this case which trouble me.

I believe the result reached by Justice Alloy is amply supported by *People v. Hendrix* (1973), 54 Ill. 2d 165, 295 N.E.2d 724, even though it well may be that the subsequent abolishment of the requirement of indictment by a grand jury in all felony cases may suggest a different result. (See *People v. Kirkley* (1978), 60 Ill. App. 3d 746, 377 N.E.2d 540 (Barry, J., concurring).) Although the constitutional right of a person charged with a felony to be required to stand trial only after a showing of probable cause is well established, the concomitant right that such determination be made promptly appears to be a right without any recognized remedies or sanctions for its enforcement. So long as there is a probable cause determination at some time prior to the trial, courts have been unable to develop any implementing sanctions promoting the prompt determination required by the constitution. Even where the prosecution is not initiated by grand jury indictment and a preliminary hearing is required, where there are deliberate efforts of the prosecution to postpone and delay such preliminary hearing in order that a grand jury proceeding may be initiated to determine probable cause, there seems to be no appropriate way under present procedures of fully implementing the constitutional right which is disregarded by such procedure.

A brief review of the time frame suggests the nature of the problem at hand. First of all the defendant was arrested on December 29, 1978, but

was not indicted until February 20, 1979, nearly seven weeks later. Counsel for defendant was appointed on January 19, 1979, but the defendant was not indicted until about one month later.

Although the issue was not raised by appellate counsel on this appeal, the record of the hearing on the *habeas corpus* petition amply demonstrates that the continuance sought by the prosecution on February 2, 1979, was for the purpose of delaying the preliminary hearing until after the issue of probable cause could be submitted to a grand jury. At the hearing on February 2, 1979, the prosecution alleged that the testimony of the victim was necessary but the victim was unavailable for that date. A police officer was available and present in court. Defense counsel objected to the continuance because the victim was unable to identify the defendant as the offender. According to the statement of facts it was stipulated the prosecution was ready to proceed on February 13, 1979, but the hearing was continued on the court's own motion before the defendant or defense counsel was even present in court. In stipulating the prosecution was ready to proceed the crucial element of the stipulation was that the victim was not present, had not been subpoenaed and according to the prosecution his testimony was not required. From the testimony of several assistant state's attorneys adduced at the February 14 hearing on the *habeas corpus* petition, it appeared that preliminary hearings were seldom held because of the practice of the state's attorney's office to seek grand jury indictments in preference to holding preliminary hearings.

As matters now stand, so long as there is a determination of probable cause by the grand jury, no consequences attach to the failure to hold a prompt preliminary hearing whether such failure is deliberate or otherwise. It might well be that if the prosecution was required to proceed with the preliminary hearing when the prosecution was initiated other than by indictment, without regard to whether there was a later indictment, the reasons for delaying the preliminary hearing might disappear and some recognition of the constitutional requirement would ensue.

Mr. JUSTICE BARRY, specially concurring.

I agree with the result reached by Justice Alloy in his opinion in this cause. However, I also agree wholeheartedly with the views expressed by Justice Stouder. As this case so clearly reveals, the constitutional guarantee of a prompt preliminary hearing, as currently construed by the Illinois judiciary, is virtually meaningless. So long as a grand jury indictment is held to cure the constitutional violation which occurs when the State unduly delays in holding a preliminary hearing to determine probable cause, the defendant's right to such a hearing is, as Justice Stouder aptly points out, one that is without remedy. I believe that legislative action is

necessary to eliminate the advantage that exists to the State in circumventing a constitutional mandate through manipulation of the grand jury process. Accordingly, I specially concur.