THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* WAYNE E. ANDERSON, Defendant-Appellee.

Second District   No. 79-811

Opinion filed January 20, 1981.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

No brief filed for appellee.

Mr. JUSTICE REINHARD delivered the opinion of the court:

An indictment charging the defendant, Wayne E. Anderson, with theft, alleging a prior conviction of theft, was dismissed by the trial court on defendant's motion, which was based upon a complaint alleging the same offense being previously dismissed at the preliminary hearing for failure to give the defendant a prompt preliminary hearing. (Ill. Const. 1970, art. I, §7.) The State brings this appeal, and we reverse.

On October 4, 1978, the defendant was arrested and charged on a criminal complaint for theft, alleging a prior conviction of theft, and released on bond October 5, 1978. A preliminary hearing was subsequently set for November 29, 1978, at which time the State was not ready and requested and received, over defendant's objection, a continuance to December 21, 1978. On December 21, 1978, the State was not ready and the case again was continued to January 4, 1979. Then, on January 4, 1979, the State was not ready for the preliminary hearing and the defendant moved to dismiss with prejudice, without specifying any specific grounds, and the judge dismissed by written order for failure to give the defendant a prompt preliminary hearing and released the defendant's bail. The

defendant was indicted for the same offense on November 15, 1979, and on November 28, 1979, the trial judge heard and granted the defendant's motion to strike the indictment and quash the arrest warrant which was based upon the prior dismissal at the preliminary hearing for failure to give the defendant a prompt preliminary hearing.

■■ Initially we address the issue of the effect of a dismissal at the preliminary hearing upon a subsequent indictment. It is clear that in Illinois the State can seek an indictment against a defendant even if probable cause is not found at the preliminary hearing. (*People v. Overstreet* (1978), 64 Ill. App. 3d 287, 381 N.E.2d 305; *People v. Gooding* (1974), 21 Ill. App. 3d 1064, 316 N.E.2d 549, *rev'd on other grounds* (1975), 61 Ill. 2d 298, 335 N.E.2d 769.) Since a preliminary hearing finding is neither a conviction or acquittal, a defendant is not placed in jeopardy. (*People v. Harris* (1972), 52 Ill. 2d 558, 288 N.E.2d 385; *People v. Webb* (1968), 39 Ill. 2d 146, 233 N.E.2d 365.) Moreover, the State has no right to appeal a dismissal at a preliminary hearing. (Supreme Court Rule 604 (a), (Ill. Rev. Stat. 1979, ch. 110A, par. 604(a).) Accordingly, the State was not barred by the judge's decision at the preliminary hearing from seeking an indictment, nor was the trial judge bound by the previous judge's order.

While the record is silent as to the reason for the trial judge's dismissal of the indictment, we will assume that the trial judge was aware that the prior dismissal was not binding upon him and he dismissed for a violation of the defendant's right to a prompt preliminary hearing. (Ill. Const. 1970, art. I, §7). The primary issue herein and again raised before this court is what remedy, if any, is available for a violation of article I, section 7 of the 1970 Illinois Constitution which provides, in part, as follows:

> "No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause."

The purpose of this provision is to insure that a defendant will not be held in custody or to bail, that his freedom will not be restricted, without a prompt showing of evidence that a crime has been committed. *People v. Moore* (1975), 28 Ill. App. 3d 1085, 1089, 329 N.E.2d 893, 896; Ill. Ann. Stat., Ill. Const. 1970, art. I, §7, Constitutional Commentary, at 372 (Smith-Hurd 1971).

In *People v. Eisele* (1979), 77 Ill. App. 3d 766, 396 N.E.2d 638, this court held, relying upon *People v. Howell* (1975), 60 Ill. 2d 117, 324 N.E.2d 403, and *People v. Hendrix* (1973), 54 Ill. 2d 165, 295 N.E.2d 724, that until the legislature or the Illinois Supreme Court acted further that dismissal of an indictment is not an appropriate remedy for a violation of section 7 of the Constitution. While factually, *Eisele* is different in that

there the judge dismissed the complaint at the preliminary hearing after the State moved to *nolle pros*, this factual distinction does not change our primary holding in *Eisele* that no remedy is afforded. We do not consider the State's failure to be ready at the preliminary hearing here comparable to the 176-day delay in *People v. Kirkley* (1978), 60 Ill. App. 3d 746, 377 N.E.2d 540, wherein that court, under the particular facts therein, did fashion a remedy, reversal of a conviction.

■■ Neither the Illinois Supreme Court nor the Illinois General Assembly has created a remedy to this date for a violation of article I, section 7, although our supreme court has recommended that the General Assembly so act.[1] While we are mindful of prosecution abuse of that constitutional provision, as in this case, as was the supreme court in *Howell* and *Hendrix*, unless the General Assembly or the supreme court fashions a remedy, we will continue to abide by the view expressed in those opinions that dismissal of a cause is not an appropriate remedy for a violation of section 7 of the Constitution.

Although the defendant did not file any brief with this court, it is apparent from a reading of the record that the defendant was not indicted until November 15, 1979, some 10 months after the dismissal at the preliminary hearing.

Whether the delay in time between the alleged crime and subsequent indictment presents a due process issue under *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244, has not been raised nor are there sufficient facts in the record to determine whether there is a clear showing of actual and substantial prejudice attributable to the State, as required in *Lawson*.

For the foregoing reasons the judgment of the circuit court of Du Page County dismissing the indictment is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

UNVERZAGT and NASH, JJ., concur.

---

[1] In its last annual report dated January 31, 1980, the Illinois Supreme Court again urged the General Assembly to take appropriate legislative action to implement this constitutional provision, citing both *Eisele* and *Kirkley*.