THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. EDDIE J. BARTEE, JR., Defendant-Appellee.

Second District   No. 2—87—0995

Opinion filed December 29, 1988.

938

Robert F. Casey and Gary V. Johnson, State's Attorneys, of Geneva (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Barbara Paschen, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

The State appeals from an order of the circuit court dismissing an indictment charging defendant, Eddie Bartee, with attempted residential burglary. The trial court dismissed the indictment on the basis that it was not brought in a timely fashion following defendant's arrest. The State's sole appellate contention is that the dismissal was erroneous under section 114—1(e) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 114—1(e)). We reverse and remand.

Defendant was arrested and charged with attempted residential

burglary on April 23, 1987. On June 25, 1987, defendant moved to dismiss the charge on the ground that he had not received a preliminary hearing within 30 days of his arrest pursuant to section 109—3.1(b) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 109—3.1(b)). The court granted defendant's motion and dismissed the charge. On July 7, 1987, a grand jury indicted defendant for attempted residential burglary. Defendant subsequently moved to dismiss the indictment on the ground that he had not had a preliminary hearing or been indicted within 60 days of his arrest while out on bail. Defendant argued that the State's delay in scheduling a preliminary hearing and returning the subsequent indictment violated his right to a prompt preliminary hearing or indictment as granted under the Illinois Constitution (Ill. Const. 1970, art. I, §7) and in section 109—3.1(b) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 109—3.1(b)). The trial court granted defendant's motion, and the State brought this appeal.

The State contends that the trial court erred in dismissing the indictment since section 114—1(e) of the Code permits the State to return a new indictment when a previous charge or indictment has been dismissed on the basis of the State's delay in scheduling a preliminary hearing or obtaining an indictment. We agree.

■ The right to a prompt probable cause determination is established in article I, section 7, of the 1970 Illinois Constitution, which provides in part:

> "No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause." Ill. Const. 1970, art. I, §7.

Prior to 1984, the courts were at odds regarding the proper remedy for violation of this constitutional provision. In *People v. Howell* (1975), 60 Ill. 2d 117, 122-23, our supreme court recognized the absence of a statutory remedy for violation of a defendant's right to a prompt probable cause determination, but refused to fashion a remedy in the legislature's stead. Subsequently, the Appellate Court for the Third District noted the absence of a statutory remedy for violation of a defendant's right to a prompt probable cause determination and concluded that the only sanction or remedy available in that case was reversal of the subsequently entered convictions against the defendants. (See *People v. Kirkley* (1978), 60 Ill. App. 3d 746, 750.) However, this court declined to follow *Kirkley* and distinguished that case in *People v. Anderson* (1981), 92 Ill. App. 3d 849, 851. In *Anderson,* this court, like the *Howell* and *Kirkley* courts before it, lamented the lack of stat-

utory remedy for violation of a defendant's right to a prompt probable cause determination. (*Anderson*, 92 Ill. App. 3d at 851.) However, unlike *Kirkley*, the *Anderson* court concluded that until the legislature or the supreme court acted further, it would abide by the view that dismissal of an indictment was not an appropriate remedy. See *Anderson*, 92 Ill. App. 3d at 850-51; see also *People v. Eisele* (1979), 77 Ill. App. 3d 766, 770-71.

■ In 1984, the legislature amended the Code of Criminal Procedure of 1963 and added section 109—3.1, which provided in part:

> "Every person in custody in this State for the alleged commission of a felony shall receive either a preliminary examination as provided in Section 109—3 or an indictment by Grand Jury as provided in Section 111—2, within 30 days from the date he or she was taken into custody. Every person on bail or recognizance for the alleged commission of a felony shall receive either a preliminary examination *** or an indictment by Grand Jury ***, within 60 days from the date he or she was arrested." (Ill. Rev. Stat. 1987, ch. 38, par. 109—3.1(b).)

The legislature further provided a remedy for the violation of section 109—3.1. (See Ill. Rev. Stat. 1987, ch. 38, par. 114—1(a)(11).) That section states that where the requirements of section 109—3.1 have not been complied with, a defendant may file a written motion to dismiss the indictment or complaint prior to trial and before or after a plea has been entered. Ill. Rev. Stat. 1987, ch. 38, par. 114—1(a)(11).

■ Notwithstanding a defendant's right to have a charge or indictment dismissed on the State's failure to obtain a prompt probable cause determination, the legislature further granted the State the power to file a new charge or return a new indictment following such a dismissal. (Ill. Rev. Stat. 1987, ch. 38, par. 114—1(e).) Section 114—1(e) states:

> "Dismissal of the charge upon the grounds set forth in subsections (a)(4) through (a)(11) of this Section *shall not prevent the return of a new indictment or the filing of a new charge* and upon such dismissal the court may order that the defendant be held in custody or if he had been previously released on bail that his bail be continued for a specified time pending the return of a new indictment or the filing of a new charge." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 114—1(e).)

Thus, while the legislature finally delivered the long-awaited and frequently requested remedy for violation of a defendant's right to a prompt probable cause determination, its further provision allowing the State to bring a new charge or return a new indictment *after* such

a dismissal clearly signals the legislature's intent that the dismissal should not be with prejudice. (See *People v. Holman* (1984), 103 Ill. 2d 133, 155 (dismissal *with prejudice* not available to a defendant as a sanction for preindictment delay).) This is consistent with the purpose behind giving a defendant the right to a prompt probable cause determination.

■ The purpose of article I, section 7, of the 1970 Illinois Constitution is to ensure that a defendant will not be held in *custody or to bail, and that his freedom will not be restricted* without a prompt showing of evidence that a crime has been committed. (*People v. Anderson* (1981), 92 Ill. App. 3d 849, 850.) Similarly, in a post-1984 case which discussed section 109—3.1, the court concluded that the intent of that statute was to protect against *unjustified detention*. (*People v. Robinson* (1987), 163 Ill. App. 3d 384, 390.) Thus, permitting the State to file a new charge or return a new indictment after a prior dismissal would not defeat the purpose of ensuring that a defendant is not unjustly detained.

■ In the instant action, the original charge against defendant was dismissed after the trial court concluded that the State failed to obtain a prompt determination of probable cause following defendant's arrest. Dismissal of the charge was defendant's statutory remedy for violation of his constitutional and statutory right to a prompt probable cause determination. (See Ill. Rev. Stat. 1987, ch. 38, par. 114—1(a)(11).) However, pursuant to section 114—1(e) of the Code, the State was permitted to return a new indictment following the prior dismissal. (See Ill. Rev. Stat. 1987, ch. 38, par. 114—1(e).) The State opted to return a new indictment as was its right, and the trial court's dismissal of the indictment as untimely under section 109—3.1(b) was improper.

Defendant nonetheless concedes that while section 114—1(e) permits reindictment, the facts of the instant action preclude such a result since the dismissal of the original charge came more than 60 days after defendant's arrest, and section 109—3.1(b) of the Code requires a preliminary hearing or indictment within 60 days. We reject this argument as such an interpretation of the statutes would render the State's section 114—1(e) right to bring a new charge meaningless.

Accordingly, the decision of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

UNVERZAGT and NASH, JJ., concur.