THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHN AUSTIN, Defendant-Appellee.

First District (1st Division)   No. 1—88—0772

Opinion filed March 6, 1990.

18

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund and Scott Lane, Assistant State's Attorneys, of counsel), for the People.

Randolph N. Stone, Public Defender, of Chicago (Barbara McClure, Assistant Public Defender, of counsel), for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

The State appeals from an order of the circuit court of Cook County which dismissed defendant's indictment for possession of a controlled substance with the intent to deliver (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(c)). We reverse and remand for further proceedings.

Defendant was arrested on October 10, 1986, for his alleged possession of approximately 4½ grams of cocaine. On December 8, 1986, the case was scheduled for preliminary hearing and at that time the State filed a motion to nol-pros the case due to the lack of a laboratory analysis for the substance recovered from defendant. Although the laboratory analysis was apparently completed on January 9, 1987, defendant was not indicted on the charge of possession of a controlled substance with intent to deliver until July 29, 1987. At the hearing held February 4, 1988, defendant moved to dismiss the indictment, and the trial court granted the motion based upon its determination that the State had failed to provide defendant with a prompt preliminary hearing and speedy trial pursuant to statute. (See Ill. Rev. Stat. 1985, ch. 38, pars. 109—3.1, 103—5.) The State now appeals, contending that the trial court erred by dismissing the indictment against defendant. We agree.

■ In *People v. Decatur* (1989), 191 Ill. App. 3d 1034, we recently reversed an order of the circuit court dismissing an indictment under

nearly identical circumstances. We held that the statutory speedy-trial term was tolled whenever the prosecutor requested a *nolle prosequi* at the preliminary hearing due to a lack of sufficient, competent evidence; when the request was granted by the court; and when defendant was released from custody, bail or recognizance. Based upon our reasoning in *Decatur*, we find that the trial court erred by granting defendant's motion to dismiss in this case.

■ We note, however, that in *Decatur* we did not specifically address the issue of whether a defendant's constitutional and statutory right to a prompt preliminary hearing is violated when he is indicted on charges that were previously nol-prossed. However, we now answer that question and find that a defendant's right to a prompt preliminary hearing is not violated under these circumstances.

In *People v. Bartee* (1988), 177 Ill. App. 3d 937, 532 N.E.2d 997, it was established that notwithstanding a defendant's right to have a charge or indictment dismissed due to the State's failure to obtain a prompt probable cause determination, the legislature granted the State the power to refile or return a new indictment following a dismissal. (Ill. Rev. Stat. 1987, ch. 38, par. 114—1(e).) Thus, in this case, if the State had proceeded to the preliminary hearing without the laboratory analysis and the case had been dismissed for lack of competent evidence, the State would have been free to file new charges or return a new indictment based on the same evidence. We see no reason that a different result should follow merely because the State decided to nol-pros the matter instead of obtaining an involuntary dismissal.

■ The remainder of the issues raised have been addressed in *Decatur* and need not be reiterated here. Suffice it to say that the State's decision to nol-pros the original charges that led to defendant's arrest in October 1986 did not prevent the State from indicting defendant at a later date based on the same evidence. The statutory speedy-trial term, which began to run upon defendant's previous arrest, was tolled by the *nolle prosequi* obtained by the State since there was no evidence that the decision to request the *nolle prosequi* was motivated by a desire to harass or prejudice defendant or to gain a tactical advantage over him.

Accordingly, we reverse the order of the circuit court and remand for further proceedings consistent with this order.

Reversed and remanded.

O'CONNOR and MANNING, JJ., concur.