THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DWAYNE ROBY, Defendant-Appellant.

Fifth District    No. 5—89—0328

Opinion filed August 1, 1990.

Daniel M. Kirwan and Edwin J. Anderson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Darrell Williamson, State's Attorney, of Chester (Kenneth R. Boyle, Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

On August 29, 1988, defendant, Dwayne Roby, was charged by information with the offense of aggravated battery for striking a correctional officer in the face with his fist while that correctional officer was in the execution of his duties. The incident occurred on June 26, 1988. At all times pertinent hereto, defendant was incarcerated at the Menard Correctional Center serving a 25- to 75-year sentence for murder.

On February 6, 1989, the aggravated battery charge was dismissed by the circuit court of Randolph County due to the State's fail-

ure to provide defendant with a prompt preliminary hearing as required by article I, section 7, of the Illinois Constitution (Ill. Const. 1970, art. I, §7), and section 109—3.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 109—3.1). On that same date, pursuant to section 114—1(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 114—1(e)), the People of the State of Illinois filed a new information charging defendant with the offense of aggravated battery based upon the same incident. Preliminary hearing on this new charge was held that day.

On April 21, 1989, defendant filed a motion to dismiss the new charge for failure to provide him with a prompt preliminary hearing because the second information was based on the same conduct as the first information, he had been in custody on the charge since the filing of the first information and had not received a preliminary hearing. This motion to dismiss was denied by order of court dated April 21, 1989.

On that same date, the cause was tried in a stipulated bench trial. Defendant was found guilty and was sentenced to an agreed sentence of two years' imprisonment, to be served consecutively to any sentences defendant was already serving.

Defendant argues on appeal that section 114—1(e) of the Code of Criminal Procedure of 1963 is unconstitutional to the extent it allows the State to file a new information charging the same offense as an original information which was dismissed for failure to provide a prompt preliminary hearing. Defendant argues that allowing such refiling defeats the purpose of requiring a prompt hearing, deprives defendant of a remedy for the violation of his constitutional right to a prompt preliminary hearing and renders that right meaningless. Therefore, he argues, section 114—1(e) is contrary to article I, section 7, of the Illinois Constitution, which provides for a prompt preliminary hearing, and to that extent it is unconstitutional and void, citing *In re Tingle* (1977), 52 Ill. App. 3d 251, 367 N.E.2d 287. Defendant also argues that section 114—1(e) is unconstitutional for the reason that it violates article I, section 12, of the Illinois Constitution, which provides that every person "shall find a certain remedy in the laws for all injuries and wrongs which he receives." Ill. Const. 1970, art. I, §12.

Defendant argues that the original information should have been dismissed with prejudice for failure to provide a prompt preliminary hearing, and therefore, his conviction should be reversed. In the alternative, defendant argues that, if we do not find section 114—1(e) to be unconstitutional, we should follow the decision in *People v. Kirkley*

(1978), 60 Ill. App. 3d 746, 377 N.E.2d 540, which reversed the conviction of a defendant who had been held 176 days without a preliminary hearing as a sanction for the State's deprivation of defendant's substantial constitutional right to a prompt preliminary hearing.

■ Article I, section 7, of the Illinois Constitution provides:

"No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause." (Ill. Const. 1970, art. I, §7.)

Section 109—3.1(b) of the Code of Criminal Procedure of 1963 provides that

"[e]very person in custody in this State for the alleged commission of a felony shall receive either a preliminary examination *** or an indictment by Grand Jury *** within 30 days from the date he or she was taken into custody. Every person on bail or recognizance for the alleged commission of a felony shall receive either a preliminary examination *** or an indictment by Grand Jury *** within 60 days from the date he or she was arrested." (Ill. Rev. Stat. 1989, ch. 38, par. 109—3.1(b).)

Thus, section 109—3.1(b) sets a time limit of 30 or 60 days on the constitutional right to a "prompt" preliminary hearing.

Prior to the enactment of section 114—1(e), no remedy was provided, either by the Constitution or by statute, for a violation of the constitutional or statutory rights to a prompt preliminary hearing. Our courts repeatedly recognized that the fashioning of a remedy for such a violation was a subject for legislative rather than judicial action. (*People v. Howell* (1975), 60 Ill. 2d 117, 122-23, 324 N.E.2d 403, 406; *People v. Holman* (1984), 103 Ill. 2d 133, 155, 469 N.E.2d 119, 130; *People v. Riddle* (1986), 141 Ill. App. 3d 97, 101, 489 N.E.2d 1176, 1178.) However, those same courts repeatedly recognized that the remedy of dismissal of the charge with prejudice was not available to a defendant as a sanction for such a violation. *Howell*, 60 Ill. 2d at 122-23, 324 N.E.2d at 404; *Holman*, 103 Ill. 2d at 155, 469 N.E.2d at 129; *Riddle*, 141 Ill. App. 3d at 100, 489 N.E.2d at 1178.

■ In 1984, the legislature saw fit to provide a remedy for violation of the statutory and constitutional rights to a prompt preliminary hearing. Section 114—1(a)(11) of the Code of Criminal Procedure of 1963 provides that, upon the written motion of the defendant made prior to trial, either before or after a plea has been entered, the court may dismiss the indictment, information or complaint for failure to

provide a preliminary hearing in accordance with the requirements of section 109—3.1. (Ill. Rev. Stat. 1989, ch. 38, par. 114—1(a)(11).) However, section 114—1(e) of the Code of Criminal Procedure of 1963 provides that dismissal of a charge for failure to comply with section 109—3.1

> "shall not prevent the return of a new indictment or the filing of a new charge and upon such dismissal the court may order that the defendant be held in custody or if he had been previously released on bail that his bail be continued for a specified time pending the return of a new indictment or the filing of a new charge." (Ill. Rev. Stat. 1989, ch. 38, par. 114—1(e).)

As stated in *People v. Bartee* (1988), 177 Ill. App. 3d 937, 941, 532 N.E.2d 997, 999, this section allowing filing of a new information "clearly signals the legislature's intent that the dismissal should not be with prejudice."

Defendant presents us with the question whether section 114—1(e) is contrary to article I, section 7, of the Illinois Constitution and therefore void because it defeats the purpose of requiring a prompt preliminary hearing, deprives defendant of a remedy for violation of his constitutional right to a prompt preliminary hearing and renders meaningless that right. We think not.

■ In *People v. Bartee* (1988), 177 Ill. App. 3d 937, 532 N.E.2d 997, it was held that the purpose behind the constitutional and statutory requirements of a prompt preliminary hearing is to ensure that a defendant will not be held in custody or to bail, that is, that his freedom will not be restricted without a prompt showing of evidence that a crime has been committed. (177 Ill. App. 3d at 941, 532 N.E.2d at 999.) *Bartee* held that allowing the State to file a new charge or return a new indictment after a prior dismissal would not defeat the purpose of ensuring that a defendant is not unjustly detained. 177 Ill. App. 3d at 941, 532 N.E.2d at 999.

Nor do we think that allowing the State to file a new charge deprives defendant of a remedy for violation of his constitutional right to a prompt preliminary hearing and renders meaningless that right. The remedy with which the legislature chose to provide a defendant for violation of this right was a dismissal of the charge without prejudice. This remedy is real and substantial and fulfills the purpose of the right to a prompt preliminary hearing, *i.e.*, to ensure that a defendant is not unjustly detained. That the State is empowered to file a new charge does not render that right nugatory for, again, defendant is entitled to a prompt preliminary hearing on the new charge or to dismissal without prejudice. Thus, section 114—1(e) does

not deprive a defendant of a remedy for violation of his right to a prompt preliminary hearing. It is not contrary to article I, section 7, of the Illinois Constitution or article I, section 12, of the Illinois Constitution. Defendant is not entitled to a reversal of his conviction for the reason that section 114—1(e) of the Code of Criminal Procedure of 1963 is unconstitutional.

Finally, we decline to follow *People v. Kirkley* (1978), 60 Ill. App. 3d 746, 377 N.E.2d 540, which was decided prior to the enactment of section 114—1(e), at a time when the legislature had not yet established any remedy for the violation of defendant's right to a prompt preliminary hearing. Because the legislature has now clearly expressed its intent that dismissal with prejudice not be available as a sanction for failure to provide a prompt preliminary hearing (see *Bartee*, 177 Ill. App. 3d at 941, 532 N.E.2d at 999), we are not at liberty to follow *Kirkley*.

For the foregoing reasons the judgment of the circuit court of Randolph County is affirmed.

Affirmed.

GOLDENHERSH and HOWERTON, JJ., concur.