THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ISREAL CLARKE, Defendant-Appellant.

Fifth District   No. 5—91—0403

Opinion filed July 17, 1992.

H. LEWIS, J., dissenting.

Daniel M. Kirwan and Janet Gandy Fowler, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Grace, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Diane L. Campbell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

Defendant, Isreal Clarke, was charged by information with felony retail theft under section 16A–3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 16A–3(a)). He was found guilty in a trial by jury on March 18, 1991, and was sentenced to three years' imprisonment in the Illinois Department of Corrections on May 6, 1991. He asserts that the trial court erred in failing to grant his motion to dismiss the charge against him for failure to provide him with a prompt preliminary hearing. We affirm.

Defendant was taken into custody on November 30, 1990. A preliminary hearing was scheduled for December 28, 1990, but because a snowstorm interfered with the operation of the court, it was not held at that time. A preliminary hearing date was reset for January 8, 1991. The record does not demonstrate that the defendant agreed to the delay, and defendant moved on January 7, 1991, for discharge from the county jail

and dismissal of the charges against him, citing sections 109—3.1(b) and 114—1(a)(11) of the Code of Criminal Procedure of 1963 (the Code) (Ill. Rev. Stat. 1989, ch. 38, pars. 109—3.1(b), 114—1(a)(11)). On January 8, 1991, the circuit court denied the motion to dismiss, finding that the original preliminary hearing date was within the 30-day period, but due to the snowstorm, it was not possible to have the hearing. The circuit court proceeded to hold defendant's preliminary hearing at that time.

We initially note that our constitution provides that a prompt preliminary hearing to establish probable cause is necessary where a person is held to answer for a crime punishable by imprisonment in the penitentiary. (Ill. Const. 1970, art. I, §7.) The right to a prompt preliminary hearing was statutorily mandated in section 109—3.1 of the Code, effective January 1, 1984, which provides in pertinent part, "[e]very person in custody in this State for the alleged commission of a felony shall receive either a preliminary examination *** or an indictment by Grand Jury *** within 30 days from the date he or she was taken into custody." (Ill. Rev. Stat. 1989, ch. 38, par. 109—3.1(b).) Though not applicable in the instant case, this section of the Code further provides that "[e]very person on bail or recognizance for the alleged commission of a felony shall receive either a preliminary examination *** or an indictment by Grand Jury *** within 60 days from the date he or she was arrested." (Ill. Rev. Stat. 1989, ch. 38, par. 109—3.1(b).) Thus, under section 109—3.1(b), a "prompt" preliminary hearing is one which is held within 30 or 60 days, as the case may be. *People v. Roby* (1990), 200 Ill. App. 3d 1063, 1066, 558 N.E.2d 729, 731.

Until 1984, no constitutional or statutory remedy existed for the violation of a defendant's constitutional or statutory rights to a prompt preliminary hearing. However, effective January 1, 1984, section 114—1(a)(11) of the Code was enacted, which provides that where a defendant makes a written motion prior to trial, either before or after a plea has been entered, the court may dismiss the indictment, information, or complaint against the defendant for failure to provide a preliminary hearing in accordance with the requirements of section 109—3.1. (See *People v. Roby* (1990), 200 Ill. App. 3d 1063, 1066-67, 558 N.E.2d 729, 731.) However, the legislature further provided that where a charge is dismissed for failure to comply with section 109—3.1, it does not preclude the State from returning a new indictment or filing a new charge, and where a court dismisses a complaint for failure to provide a preliminary hearing, the defendant may be held in custody pending the filing of a new charge. (See Ill. Rev. Stat. 1989, ch. 38, par. 114—1(e).) This recognized legislatively what case law had repeatedly recognized: the remedy of dismissal of the charge with prejudice was not available to the

defendant as a sanction for violation of the requirement for a prompt preliminary hearing. See *People v. Howell* (1975), 60 Ill. 2d 117, 122-23, 324 N.E.2d 403, 406; *People v. Holman* (1984), 103 Ill. 2d 133, 155, 469 N.E.2d 119, 130; *People v. Riddle* (1986), 141 Ill. App. 3d 97, 101, 489 N.E.2d 1176, 1178.

In defendant's motion for dismissal of the charges against him, he asserted that he had not contributed to the delay in this proceeding, and he pointed out that inclement weather caused the courthouse to be closed on the day the hearing was scheduled, December 28, 1990. Defendant cites several cases in support of his thesis that delay cannot be attributed to the defendant where the record is silent as to whether the defendant agreed to the delay (*People v. Cunningham* (1979), 77 Ill. App. 3d 949, 951, 396 N.E.2d 876, 877); that delays caused by docket crowding and prosecutorial overloads are attributable to the prosecution and not to the defendant (*People v. DeCarlis* (1980), 88 Ill. App. 3d 634, 638, 410 N.E.2d 677, 680); and that discharge is a proper remedy for failure to afford to defendant a speedy trial (*People v. Love* (1968), 39 Ill. 2d 436, 441, 235 N.E.2d 819, 822).

All of the above-cited cases involved the running of the speedy trial period, as opposed to the time period in which a prompt preliminary hearing must be held. Section 103—5 of the Code provides in pertinent part that "[e]very person not tried in accordance with subsections (a), (b) and (c) of this Section [the speedy trial provisions] *shall be discharged* from custody or released from the obligations of his bail or recognizance." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(d).) Such mandatory discharge language is distinctly absent from the legislature's enactment in 1984 of sections 109—3.1, 114—1(a)(11) and 114—1(e). Indeed, as noted above, the 1984 legislation specifically included a provision that dismissal of an information or indictment for failure to comply with the prompt preliminary hearing provisions would not preclude the return of a new indictment or the bringing of a new charge. (Ill. Rev. Stat. 1989, ch. 38, par. 114—1(e).) We therefore feel that the rules applicable to speedy trial calculation do not have a valid application in our determination in the instant case, whether failure to hold the preliminary hearing within 30 days absolutely mandates dismissal under section 114—1(a)(11) or whether, under certain circumstances, the court may properly deny a motion made pursuant to section 114—1(a)(11). Because section 114—1(a)(11) of the Code provides that the court *may* dismiss the information because the requirements of the prompt preliminary hearing statute were not complied with, the precise issue which we must review is whether the circuit court abused its discretion in denying

defendant's motion to dismiss where such dismissal would, pursuant to section 114—1(e) of the Code, be without prejudice.

In this regard, section 109—3.1 only provides that delay occasioned by the defendant shall temporarily suspend, for the time of the delay, the period within which the preliminary examination must be held. (Ill. Rev. Stat. 1989, ch. 38, par. 109—3.1.) As noted above, neither the State nor the defendant was responsible for the delay of 10 days in the holding of defendant's preliminary examination. To be sure, the court could have exercised its discretion and dismissed the charge, without prejudice. The State maintains, however, that had the trial court granted defendant's motion to dismiss, the trial court would have then ordered that the defendant be held over until the State could file new charges rather than discharge the defendant from custody pursuant to section 114—1(e) of the Code. The purpose of the right to a prompt preliminary hearing is to ensure that a defendant will not be held in custody or to bail, that is, that his freedom will not be restricted, without a prompt showing of evidence that a crime has been committed. (*Roby*, 200 Ill. App. 3d at 1067, 558 N.E.2d at 731, citing *People v. Bartee* (1988), 177 Ill. App. 3d 937, 941, 532 N.E.2d 997, 999.) It is readily apparent that a delayed preliminary hearing of only 10 days without dismissal of the charge worked to *shorten* the aggregate length of time defendant would have been held in custody without a preliminary hearing if a new charge had to be brought, defendant's custody was continued, and a new preliminary hearing date had to be reset.

We therefore find that the trial court did not abuse its discretion under the circumstances of this case in denying defendant's motion to dismiss the charge against him for failure to hold a prompt preliminary hearing within the period of time specified in section 109—3.1 of the Code. By this decision we do not mean to give wholesale approval to any attempt to ignore the time limitations specified in section 109—3.1 for preliminary hearings of persons charged with felonies. Accordingly, we affirm the March 18, 1991, judgment of defendant's conviction of felony retail theft, entered by the circuit court of Jackson County.

Affirmed.

HARRISON, J., concurs.

JUSTICE H. LEWIS, dissenting:
I respectfully dissent. I believe, as does the majority, that a person held to answer for a crime punishable by imprisonment in the penitentiary is entitled to a prompt preliminary hearing.

Under section 109—3.1(b) of the Code, effective January 1, 1984, "[e]very person in custody in this State for the alleged commission of a felony shall receive either a preliminary examination *** or an indictment by Grand Jury *** within 30 days from the date he or she was taken into custody." (Ill. Rev. Stat. 1989, ch. 38, par. 109—3.1(b).) A "prompt" preliminary hearing is thus one which is held within 30 days.

Until 1984, no constitutional or statutory remedy existed for the violation of a defendant's constitutional or statutory rights to a prompt preliminary hearing. However, effective January 1, 1984, section 114—1(a)(11) of the Code was enacted. It provides that where a defendant makes a written motion prior to trial, either before or after a plea has been entered, the court may dismiss the indictment, information, or complaint against the defendant for failure to provide a preliminary hearing in accordance with the requirements of section 109—3.1.

The majority relies heavily on that portion of section 114—1(a)(11) which states the court "may" dismiss. Section 114—1(a) recites a litany of reasons why a court may dismiss a case, one of which, set forth in section 114—1(a)(11), is that the requirements of section 109—3.1 have not been complied with. I believe that under section 109—3.1(b), unless one of the exceptions applies, dismissal without prejudice is mandatory. Section 109—3.1(b), providing for preliminary examination or indictment within 30 days, says "shall" and means "shall." The legislature also provided an "out" for the State when it did not preclude the State from the opportunity to return a new indictment or to file a new charge.

The majority hypothesizes that "a delayed preliminary hearing of only 10 days without dismissal of the charge worked to *shorten* the aggregate length of time defendant would have been held in custody without a preliminary hearing if a new charge had to be brought, defendant's custody was continued, and a new preliminary hearing date had to be reset." (Emphasis in original.) (231 Ill. App. 3d at 508.) What the trial court may or may not have done had it granted defendant's motion requires speculation well beyond the purview of this court. The majority also says that it does not mean to give wholesale approval to any attempt to ignore the time limitations specified by the statute. I am sure it does not, but what it is saying is that, unless the trial court abuses its discretion, this court will not reverse. However, I believe the statute is clear. Unless a preliminary hearing is conducted within 30 days, in the absence of an applicable exception, the cause shall be dismissed without prejudice. In this case, clearly, none of the exceptions apply. The trial court found that the preliminary hearing had been set within the 30-day period but, due to a snowstorm, it was not possible to have the hearing. This incident does not fall within any exception. I also believe, contrary

to the majority's view, that the cases involving the running of the speedy-trial period and those cases involving faulty indictments give us guidance. See *People v. Meier* (1992), 223 Ill. App. 3d 490, 585 N.E.2d 232.

The trial court committed reversible error when it failed to grant defendant's motion to dismiss the charge against him without prejudice for failure to hold a prompt preliminary hearing within the statutorily mandated period of time. I would reverse the defendant's conviction.