NOTICE

Decision filed 12/15/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230153-U

NO. 5-23-0153

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 17-CF-825 |
| | ) | |
| MICHAEL WEIS, | ) | Honorable |
| | ) | Kyle A. Napp, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where defendant's section 2-1401 petitions raised purely legal claims inappropriate for relief under that provision and lacked merit in any event, the circuit court properly dismissed them.  As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Michael Weis, appeals the circuit court's order dismissing three petitions pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2020)).  His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court erred.  Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum.  See *Pennsylvania v. Finley*, 481 U.S. 551 (1987).  OSAD has notified defendant of its motion and this court has provided him an opportunity to file a response, which he has done.

1

However, after considering the record on appeal, OSAD's memorandum and supporting brief, and defendant's response, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                      BACKGROUND

¶ 4     Following a jury trial, defendant was found guilty of eight offenses involving K.S.: two counts of aggravated criminal sexual abuse, three counts of criminal sexual assault, and three counts of child pornography for three separate images. The indictment alleged that all of the offenses occurred between January 1, 2017, and March 20, 2017, when K.S. was 13 years old.

¶ 5     At trial, K.S. testified that defendant, while in his basement, touched her vagina under her underwear and her breasts over her clothes. Defendant put his penis in her vagina "a few times" during separate visits to a place known as "The Game Room." At defendant's request, she sent him nude or partially nude pictures of herself over an extended period. A large number of text messages between defendant and K.S., spanning the entire period from January through March 2017, were also admitted into evidence.

¶ 6     The court sentenced defendant to four years' imprisonment for each conviction of aggravated criminal sexual abuse, six years for each conviction of sexual assault, and five years for each child-pornography conviction. The court ordered the sentences for sexual abuse to run concurrently with each other. The sentences for the remaining convictions were to run consecutively with each other and with the sexual-abuse sentences, for an aggregate of 37 years.

¶ 7     On direct appeal, defendant alleged numerous errors, including that the court erred in denying a pretrial motion to dismiss on speedy-trial grounds. We affirmed the convictions and sentences. *People v. Weis*, 2022 IL App (5th) 210076-U.

¶ 8     On June 6, 2022, defendant filed a motion for reduction of sentence. The circuit court dismissed it as untimely and we affirmed. *People v. Weis*, 2023 IL App (5th) 220466-U.

¶ 9     In August 2022, defendant filed three separate section 2-1401 petitions. In the first, he contended that his sentence was void because the court did not comply with section 5-8-4(f)(2) of the Unified Code of Corrections (730 ILCS 5/5-8-4(f)(2) (West 2020)), which provides that the aggregate consecutive sentence for multiple convictions "not exceed the sum of the maximum terms authorized *** for the 2 most serious felonies involved," which in this case would have been 30 years. Defendant further argued that "the court should have combined Counts 1-5 and Counts 6-8 into single sentences as the offenses were 'committed as part of a single course of conduct' during which there was no substantial change in the nature of the criminal objective."

¶ 10    The second petition contended that the State failed to indict him within 60 days of his March 21, 2017, arrest as required by section 109-3.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/109-3.1 (West 2016)), where he was charged by information on March 23, 2017, but no indictment was filed until October 25, 2018. The third petition contended that he was deprived of his right to a speedy trial and that the court's order denying his motion to dismiss on that ground contained erroneous findings.

¶ 11    The State moved to dismiss all three petitions arguing that defendant's claims did not raise factual issues and were thus inappropriate for section 2-1401 relief. Defendant responded contending that purely legal issues may be raised in a section 2-1401 petition and that his convictions were void. The court granted the motion to dismiss, finding that defendant's claims were either not appropriate for a section 2-1401 petition, could have been raised on direct appeal and were thus waived and that his speedy-trial argument was raised on direct appeal and was thus barred by *res judicata*. Defendant timely appealed.

¶ 12                                    ANALYSIS

¶ 13    OSAD identifies three potential issues that it could raise on defendant's behalf but concludes that none has even arguable merit.  We agree.

¶ 14    OSAD's first potential issue is whether the circuit court correctly held that defendant's issues were not appropriate for section 2-1401 petitions.  It concludes, however, that they were not and there is no meritorious argument to the contrary.

¶ 15    Section 2-1401 of the Code constitutes a comprehensive statutory procedure authorizing a trial court to vacate or modify a final judgment in a civil or criminal proceeding.  *People v. Thompson*, 2015 IL 118151, ¶ 28 (citing *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31).  To obtain relief under section 2-1401, a defendant must affirmatively set forth specific factual allegations supporting each of three elements: (1) the existence of a meritorious defense or claim, (2) due diligence in presenting this defense or claim to the circuit court in the original action, and (3) due diligence in filing the petition.  *People v. Pinkonsly*, 207 Ill. 2d 555, 565-66 (2003) (citing *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986)).  The petition must be supported by affidavit or other appropriate showing as to matters not of record.  735 ILCS 5/2-1401(b) (West 2020).

¶ 16    A meritorious defense under section 2-1401 involves errors of fact, not law.  *Pinkonsly*, 207 Ill. 2d at 565 (citing *People v. Haynes*, 192 Ill. 2d 437, 461 (2000)).  This is because the purpose of such petition is to correct errors of fact that were unknown to the petitioner and the court when the judgment was entered, but which, if then known, would have prevented its rendition.  *Id.*  A section 2-1401 petition, however, is not designed to provide a general review of all trial errors nor to substitute for a direct appeal.  *Id.*

4

¶ 17 Here, each of defendant's petitions raised purely legal issues. He alleged no new facts that, if known, would have prevented the judgment. Thus, on this basis alone, the circuit court properly dismissed the petitions.

¶ 18 In his response, defendant, citing *Walters*, insists that a section 2-1401 petition may include purely legal issues. As we explain, this is true, but only in very limited circumstances that do not apply here.

¶ 19 In *Thompson*, the court held that a section 2-1401 petition is exempt from the usual procedural rules governing such proceedings only where it alleges that the judgment is void. *Thompson*, 2015 IL 118151, ¶¶ 31-33. The court further held that a voidness challenge is available only in two situations: where the petition plausibly contends that the trial court lacked personal or subject-matter jurisdiction (*id.* ¶ 31) and where the judgment was based on a facially unconstitutional statute that was void *ab initio* (*id.* ¶ 32).

¶ 20 *Thompson* identified a third situation that had historically been held to render a judgment void: the so-called "void sentence" rule, by which a sentence outside the statutory limits was held to be void. *Id.* ¶ 33. The court noted, however, that *People v. Castleberry*, 2015 IL 116916, ¶ 19, had abolished the void-sentence rule and, consequently, "that type of challenge is no longer valid." *Thompson*, 2015 IL 118151, ¶ 33.

¶ 21 *Thompson* was decided after *Walters* and cited it with approval. There is thus no basis for defendant's premise that *Walters* marked a break from prior precedent and signaled that any legal claim may now be raised in a section 2-1401 petition.

¶ 22 Further, the judgment here was not void. In his response, defendant freely admits he is alleging neither that the circuit court lacked jurisdiction nor that the judgment was based on a

facially unconstitutional statute. He insists, however, that the alleged procedural errors he identifies divested the court of jurisdiction, rendering the judgment void. This is simply untrue.

¶ 23　In *Castleberry*, the court observed that circuit courts' jurisdiction is conferred by the Illinois Constitution, which provides that those courts have jurisdiction of all " 'justiciable matters.' " *Castleberry*, 2015 IL 116916, ¶ 15 (quoting Ill. Const. 1970, art. VI, § 9). The court observed that alleging that a judgment is void means that it may be challenged in perpetuity, which severely impairs the finality of judgments. "Accordingly, only the most fundamental defects, *i.e.*, a lack of personal jurisdiction or lack of subject matter jurisdiction *** warrant declaring a judgment void." (Internal quotation marks omitted.) *Id.* In other words, a legal mistake cannot divest the court of its constitutionally conferred jurisdiction, "for the power to decide carries with it the power to decide wrong as well as to decide right." *People v. Davis*, 156 Ill. 2d 149, 156 (1993).

¶ 24　In his first and third petitions, defendant alleged nothing more than that the circuit court "decided wrong" with regard to application of the consecutive-sentencing statute and the disposition of his speedy-trial motion. Defendant's second petition, alleging that the State did not timely indict him, is another legal argument based on an interpretation of the applicable statute.

¶ 25　OSAD further concludes that defendant's contentions have no merit in any event. Thus, even assuming that they could properly be raised in section 2-1401 petitions, the court nevertheless properly dismissed them. Defendant's first petition contended that his aggregate 37-year sentence violated section 5-8-4(f)(2) of the Unified Code of Corrections because the aggregate sentence exceeded the maximum term for the two most serious felonies of which he was convicted. He argued that his two most serious convictions were for Class 1 felonies. The maximum term for such a felony is 15 years for a maximum aggregate term of 30 years.

6

¶ 26    Section 5-8-4(f)(2) provides in relevant part as follows:

"the aggregate of consecutive sentences for offenses that were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective shall not exceed the sum of the maximum terms authorized under Article 4.5 of Chapter V for the 2 most serious felonies involved, but no such limitation shall apply for offenses that were not committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective."  730 ILCS 5/5-8-4(f)(2) (West 2020).

¶ 27    OSAD observes that the limitation in section 5-8-4(f)(2) applies only when offenses were committed as part of a single course of conduct.  However, multiple sexual assaults occurring on different dates are not considered a single course of conduct.  *People v. Bole*, 155 Ill. 2d 188, 193-94 (1993).

¶ 28    Here, K.S. testified that defendant committed sexual offenses against her on several different dates spanning nearly three months.  She said that defendant touched her vagina under her underwear and her breasts over her clothes one time in his basement.  She said that defendant subsequently put his penis in her vagina "a few times" on multiple occasions after taking her to "The Game Room."  On cross-examination, she clarified that this happened more than once.  Moreover, on another occasion, defendant pushed her mouth onto his penis.  She also sent him pictures at his request of her butt and breasts over an extended period of time, of which she identified three at trial.  Text messages between K.S. and defendant corroborated her testimony that their sexual relationship lasted for approximately three months.  As the offenses were not part of a single course of conduct, section 5-8-4(f)(2) did not apply.

7

¶ 29 In response, defendant argues that because K.S. could not remember specific dates on which offenses occurred, it is possible that the offenses occurred on the same day and thus could be considered part of a single course of conduct. When filing a section 2-1401 petition, the defendant had the burden to establish a meritorious defense. *Pinkonsly*, 207 Ill. 2d at 565-66. Merely postulating a scenario in which he would have a possible defense does not meet this burden. Moreover, given K.S.'s testimony that offenses occurred on multiple occasions, there is simply no evidence to support a conclusion that the offenses all occurred on the same day. Thus, they could not have been part of a single course of conduct.

¶ 30 The conclusion that defendant's offenses did not constitute a single course of conduct also disposes of his contention that consecutive sentences were prohibited. Section 5-8-4(a) of the Unified Code of Corrections formerly prohibited consecutive sentences for offenses committed in a single course of conduct. See *People v. Sergeant*, 326 Ill. App. 3d 974, 985 (2001) (citing 730 ILCS 5/5-8-4(a) (West 1994)). However, where offenses were not committed as part of a single course of conduct, the court had discretion to impose consecutive sentences where necessary to protect the public from the defendant's further criminal conduct. *Id.* (citing 730 ILCS 5/5-8-4(b) (West 1994)).

¶ 31 Defendant's second petition contended that the State did not return an indictment against him within 60 days of his arrest as required by section 109-3.1 of the Code of Criminal Procedure of 1963. He pointed out that he was arrested on March 21, 2017, but no indictment was returned until October 25, 2018.

¶ 32 Initially, defendant misreads the relevant statute. Section 109-3.1 requires that a defendant who has been released pretrial is entitled to *either* a preliminary hearing *or* an indictment within 60 days of his or her arrest. 725 ILCS 5/109-3.1(b) (West 2016). The purpose of this requirement

8

is to ensure that a defendant will not be held in custody or to bail without a prompt showing of evidence that a crime has been committed. *People v. Roby*, 200 Ill. App. 3d 1063, 1067 (1990). A prompt preliminary hearing is sufficient even if the State later brings additional charges. *People v. Redmond*, 67 Ill. 2d 242, 248-49 (1977).

¶ 33    Here, defendant was arrested on March 21, 2017. The State filed an information on March 23, 2017, and an amended information on April 6, 2017. On April 6, 2017, the case was called for a preliminary hearing, which defendant waived. Thus, he was afforded the opportunity for a preliminary hearing well within the 60-day time limit. Having waived that right, he cannot now contend that the State failed to provide one.

¶ 34    In any event, a failure to comply with section 109-3.1 would not render defendant's conviction void. Indeed, even where a defendant timely raises the issue, the only remedy is the dismissal of the charging instrument *without prejudice*. *Roby*, 200 Ill. App. 3d at 1067. Defendant cannot plausibly argue that the failure to comply with section 109-3.1 renders his conviction void where, even had he timely and successfully raised the issue, the State would have been able to recharge him.

¶ 35    Defendant's third petition contended that the trial court erred in denying his motion to dismiss on speedy-trial grounds. He raised this issue on direct appeal and it is thus barred by *res judicata*. See *People v. Addison*, 371 Ill. App. 3d 941, 945 (2007) (*res judicata* bars a defendant from using a section 2-1401 petition to obtain relief on points previously raised).

¶ 36    In his response, defendant insists that he did not previously contend that the judgment was *void* because the court erroneously denied his speedy-trial motion. However, as explained above, the denial of a motion, even if erroneous, cannot divest a court of its constitutionally conferred jurisdiction. *Davis*, 156 Ill. 2d at 156. Because defendant contended on direct appeal that the court

erred in denying his speedy-trial motion, *res judicata* bars relitigating the issue in a section 2-1401 petition.

¶ 37    Finally, OSAD concludes that there is no good-faith argument that the court committed a procedural error in dismissing the petitions. In *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009), the supreme court held that the *sua sponte* dismissal of a section 2-1401 petition prior to the "usual 30-day period" for the State to answer was error. Here, however, the State moved to dismiss the petitions prior to the court's ruling. Thus, the court complied with *Laugharn*.

¶ 38                                          CONCLUSION

¶ 39    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 40    Motion granted; judgment affirmed.